29525. COATS v. THE STATE.

Per curiam.

This is an appeal from convictions for murder, carrying a pistol without a license, and carrying a concealed weapon. The case was tried before a jury; appellant defended against the murder charge on the ground of self-defense; he contends that the convictions on the two pistol charges were erroneous in that there was no evidence that he did not have a license to carry a pistol or that his pistol was concealed; the jury convicted on all three charges; and the appellant received concurrent

sentences of life imprisonment for murder and twelve months for each of the pistol convictions.

The issues on appeal relate to the sufficiency of the evidence to support the convictions, the manner in which the chief witness for the defense was impeached, and the failure of the trial court to grant a motion to sever the misdemeanor charges from the murder charge for purposes of trial.

1. The first two enumerated errors complain that a verdict should have been directed for the appellant on the murder charge, and that the evidence was insufficient to support the conviction for murder.

We have reviewed the transcript of the evidence and conclude that these two enumerated errors are without merit. The only issue created by the evidence as a whole was whether appellant fired his gun at the victim in self-defense. Appellant's evidence tended to prove self-defense; the state's evidence tended to prove that, after an earlier argument, appellant walked over to the victim and shot him three times without immediate provocation and that the victim fired one shot in return as he fell to the floor; the issue of guilt or innocence was a matter of determining the credibility of the witnesses and resolving the conflicts in the evidence; and these matters were for the jury to decide. *Young v. State,* 232 Ga. 176 (205 SE2d 307) (1974).

2. The third and fourth enumerated errors complain of efforts on the part of the state to impeach the appellant's best witness, one Chumley. After cross examining Chumley, the prosecution offered documentary proof of four prior convictions of the witness. Before the prosecution made the offer, appellant, anticipating what was to come, moved for a hearing out of the presence of the jury. The motion was denied, and the prosecution then offered the record of each conviction, stating generally the nature of each offense involved. Appellant objected to two of the convictions, one on the ground that it was for a misdemeanor not involving moral turpitude, and the other, a felony conviction, on the ground that it failed to show on its face that Chumley had been represented by a lawyer. The objections were argued briefly by both sides, and the court sustained the objection to the misdemeanor

conviction and instructed the jury to disregard it; the felony conviction was ruled admissible; the court then recessed for lunch; and immediately after lunch, the prosecution withdrew the challenged felony conviction, and the jury was instructed to disregard it.

Appellant argues that the trial court abused its discretion in refusing a hearing out of the presence of the jury. When the admissibility of evidence is challenged, a hearing out of the presence of the jury on the question of admissibility is often appropriate and sometimes required. *Holcomb v. State,* 128 Ga. App. 238 (196 SE2d 330) (1973); Jackson v. Denno, 378 U. S. 368 (1964). It is not, however, always required. *Woolfolk v. State,* 81 Ga. 551 (8 SE 724) (1889); *Shouse v. State,* 231 Ga. 716 (203 SE2d 537) (1974). The manner in which a trial is conducted is generally within the discretion of the trial judge. *Kellar v. State,* 226 Ga. 432 (175 SE2d 654) (1970). Appellant has shown no reversible error in the trial judge's decision to permit the misdemeanor conviction to be tendered subject to objection, where the objection was sustained and the jury instructed to disregard the conviction.

Appellant argues strenuously, however, that it was an error of constitutional magnitude to permit the jury to become aware of a prior felony conviction of the witness which did not show on its face that the witness had been represented by a lawyer. He argues that such an error must be shown to be harmless beyond a reasonable doubt, that the error was harmful here because it damaged the credibility of the chief witness for the defense, and that neither the instruction to disregard it after withdrawal nor the presence of other competent impeaching evidence eliminated the harm.

This case does not present the constitutional issue involved in the cases cited by the appellant in his brief. This case presents a narrow evidentiary issue: Does the failure of a conviction to show on its face the presence of counsel render the conviction so inherently unreliable as to make it incompetent evidence for purposes of impeachment? The record does not show that Chumley in fact had no lawyer, and it does not establish the lack of a waiver of counsel.

Under the facts disclosed by this record there was no error requiring the reversal of the convictions.

3. Enumerated errors five and six relate to the insufficiency of the evidence to support the two pistol misdemeanor convictions. The record discloses that the evidence, primarily by appellant only, was sufficient to support the charge of carrying a concealed weapon; but there was not sufficient evidence to support the conviction for carrying a pistol without a license. See *Freeman v. State,* 233 Ga. 678 (212 SE2d 847) (1975), and *Daniels v. State,* 234 Ga. 523. Accordingly, this second misdemeanor conviction must be set aside.

4. The seventh enumerated error complains of the trial court's failure to grant a separate trial on the murder charge apart from the misdemeanor (pistol) charges that arose out of the same incident. By written motion filed five days before trial, appellant moved to sever the pistol counts and try the murder count alone. The motion was reviewed orally at trial immediately after the testimony of Chumley and before appellant took the stand. The denial of these motions is enumerated as error.

This court has held that a defendant has a right to severance "where the offenses are joined solely on the ground that they are of the same or similar character . . . 'because of the great risk of prejudice from a joint disposition of unrelated charges.'" *Dingler v. State,* 233 Ga. 462, 464 (211 SE2d 752); *Booker v. State,* 231 Ga. 598 (203 SE2d 194). However, where the joinder is based upon the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan, severance "lies within the sound discretion of the trial judge since the facts in each case are likely to be unique." *Dingler,* supra; *Owens v. State,* 233 Ga. 905 (213 SE2d 860); *Wingfield v. State,* 231 Ga. 92, 98 (200 SE2d 708). In determining whether severance is necessary to achieve a fair determination of the defendant's guilt or innocence of each offense, the "court should consider whether in view of the number of offenses charged and the complexity of the evidence to be offered, the trier of fact will be able to distinguish the evidence and apply the law intelligently as to each offense." *Dingler,* supra, pp. 463-464. In our opinion, the trial judge did not abuse his discretion in

denying the motions to sever.

*Judgment affirmed. All the Justices concur, except Ingram, J., who concurs in the judgment only and Gunter, J., who dissents from Division 4.*

ARGUED JANUARY 20, 1975 — DECIDED JUNE 25, 1975.

*Worozbyt & Beskin, Theodore S. Worozbyt, Donald C. Beskin, James Martin Gecker,* for appellant.

*Lewis R. Slaton, District Attorney, Wallace Speed, Richard E. Hicks, Assistant District Attorneys, Arthur K. Bolton, Attorney General,* for appellee.