## 32073. PHILLIPS v. THE STATE.

NICHOLS, Chief Justice.

Appellant was charged in a three-count indictment with robbing the same convenience store cashier at gunpoint twice within a one-month period and with shooting a store employee during the course of the second robbery. He was convicted on all three counts, receiving a sentence of 20 years for the first armed robbery, life imprisonment for the second, and eight years for the aggravated assault, all to be served consecutively. The state's case was based on the eyewitness testimony of the two victims. In this appeal appellant enumerates seven alleged errors.

1. The first enumeration of error involves the rejection of appellant's challenge to array of the jury, in which he asserted that a deputy sheriff entered into the courtroom in the presence of the prospective jurors, carrying the handcuffs and chain which had been used to secure appellant and other prisoners on their trip to the courthouse from the jail. The handcuffs and chain were removed from the prisoners outside the courtroom and outside the presence of the jury and then, following the prisoners' entry, were carried in by the deputy and placed under a seat. Appellant's claim that the handcuffs and chain were carried in an ostentatious manner or rattled so as to draw attention were not supported by the testimony at the hearing on this motion. The trial court therefore did not commit error in denying the challenge. See *Brand v. Wofford,* 230 Ga. 750 (6) (199 SE2d 251) (1973), citing

*Starr v. State,* 209 Ga. 258 (5) (71 SE2d 654) (1952).

2. The second enumeration of error concerns the denial of a pre-trial motion to suppress identification testimony. The evidence does not indicate that the pre-trial identifications of appellant by the victims, first from a series of photographs and then from a lineup, were unnecessarily suggestive or that there was a substantial likelihood of misidentification. See Neil v. Biggers, 409 U. S. 188 (93 SC 375, 34 LE2d 401) (1972); *Yancey v. State,* 232 Ga. 167, 169 (205 SE2d 282) (1974); *Smith v. State,* 236 Ga. 5, 8 (222 SE2d 357) (1976). Moreover, the victims' view of appellant at the time of their original confrontation was shown to be the independent basis for their in-court identifications. See Simmons v. United States, 390 U. S. 377 (88 SC 967, 19 LE2d 1247) (1968); *Mathis v. State,* 231 Ga. 401 (6) (202 SE2d 73) (1973). The second enumeration of error is therefore without merit.

3. Appellant enumerates as error the denial of his pro se motion to continue the trial for 30 days to allow him to obtain alternate counsel and the denial of his pro se motion for mistrial in which he again complained of his legal representation. The record does not indicate that appellant's retained counsel provided him inadequate representation, either in advising him to accept two concurrent six-year terms in return for a guilty plea (which offer he did not accept) or in any other respect. These enumerations are also without merit. See *Mitchell v. State,* 136 Ga. App. 658 (2) (222 SE2d 160) (1975).

4. Appellant contends that the court erred in allowing the state's attorney to inquire into his past criminal record and in failing to instruct the jury as to the consideration to be given to evidence of his past criminal convictions. Appellant himself disclosed his extensive record on the witness stand after the jury had been informed of his intention to do so in his counsel's opening statement. After the opening statement and prior to this testimony, however, the state's attorney was allowed, over objection, to question a defense witness about the past offenses. Under these circumstances, the question was entirely harmless. Nor could appellant have been harmed by the court's failure to charge on the weight to be given the evidence of his previous convictions. These two

enumerations of error are accordingly without merit.

5. Appellant's final enumeration of error is directed to the denial of his pre-trial motion for severance. The right to severance of offenses exists only where the offenses have been "joined *solely* on the ground that they are of the same or similar character." *Dingler v. State*, 233 Ga. 462, 464 (211 SE2d 752) (1975) (Emphasis supplied.) In view of the fact that the charges against the appellant involve both the same store and a common victim, it was not error to refuse to order that they be severed.

*Judgment affirmed. Undercofler, P. J., Jordan, Ingram, Hall and Hill, JJ., concur.*

SUBMITTED MARCH 4, 1977 — DECIDED APRIL 7, 1977.

*Glaze, Glaze, McNally & Glaze, Kirby A. Glaze,* for appellant.

*William H. Ison, District Attorney, Jack T. Wimbish, Jr., Assistant District Attorney, Arthur K. Bolton, Attorney General, Susan V. Boleyn, Staff Assistant Attorney General,* for appellee.