32242. CLEMSON v. THE STATE.
32243. TAYLOR v. THE STATE.

JORDAN, Justice.

Appellants Clemson and Taylor were tried jointly on indictments charging each of them with two counts of armed robbery, two counts of attempt to commit armed robbery, and one count of aggravated assault. Both were found guilty on all five counts and have brought separate appeals to this court. The six enumerations of error in

each appeal are identical, and therefore we join the appeals for treatment in one opinion.

On July 25, 1976, at approximately 11:30 p.m. Tommy Lewis and Raymond Ward were walking along a road near Interstate Highway 75 in Clayton County, where an automobile containing five black males pulled up alongside of them. One of the occupants of the car produced a pistol and ordered Lewis and Ward to throw their money and wallets into the car. Before either victim complied with this order, a struggle erupted in the car, and at that point, Lewis ran. Approximately five shots were fired, one of them striking Lewis in the hip. The automobile sped away immediately, in the direction of I-75. Lewis described the automobile as "large" and "white." He did not know the model. Ward described the automobile as "blue" and as resembling a Cadillac. Lewis, nineteen, stated that the occupants were about his own age. Ward, 21, stated that some of the occupants were about his own age, and some were a little younger.

Only minutes after this incident occurred, Kevin Patton and Danny Gonzales were walking north along a southbound exit ramp of Interstate Highway 75, in Clayton County, a short distance away from the Ward-Lewis incident. An automobile, again containing five black males, pulled up alongside of them. The occupants of the car produced two pistols this time and demanded that Patton and Gonzales give up their wallets. They also relieved Gonzales of a wristwatch before speeding away. Both Patton and Gonzales described the automobile as light-colored and similar in appearance to a Cadillac. Patton, 18, said that two or three of the occupants were adults, and that the others were 14 or 15 years old.

Appellants, along with three juveniles, were arrested shortly after the Patton-Gonzales robbery. The five of them were found riding in a 1970 Buick Electra belonging to appellant Clemson. A .22 caliber pistol was found under the front seat, and one of the juveniles was in possession of a wristwatch identical to the one taken from Danny Gonzales. Both Gonzales and Patton testified that the automobile in which the appellants were arrested appeared to be the same automobile used by the robbers.

1. Appellants first enumerate as error the denial of their pre-trial motion to sever the various counts of the indictment for separate trials. The five counts of the indictment charged the appellants with the attempted armed robbery of Tommy Lewis; the attempted armed robbery of Raymond Ward; the aggravated assault of Tommy Lewis; the armed robbery of Kevin Patton; and, the armed robbery of Danny Gonzales.

The motion for severance maintained that only the offenses of the attempted armed robbery and aggravated assault of Tommy Lewis should be tried together, and that each of the other counts should be tried separately.

The attempted armed robbery and aggravated assault of Tommy Lewis occurred simultaneously with the attempted armed robbery of Raymond Ward. Likewise, the armed robberies of Patton and Gonzales occurred simultaneously. The only question is whether the crimes against Lewis and Ward should have been severed from the crimes against Patton and Gonzales.

The question arises whether the crimes against Lewis and Ward and the crimes against Patton and Gonzales were joined merely because they were of the "same or similar character" or whether they were "based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan." *Dingler v. State,* 233 Ga. 462, 463 (211 SE2d 752) (1975). It is clear that where separate crimes are committed in order to accomplish a single criminal purpose, the crimes are said to constitute parts of a single scheme or plan, even if they are somewhat removed from one another in terms of time and place. See, e.g., *Goughf v. State,* 232 Ga. 178, 180, 181 (205 SE2d 844) (1974). The same is true of a continuing series of crimes committed against the same victim. *Waites v. State,* 238 Ga. 683 (235 SE2d 4) (1977); *Jarrell v. State,* 234 Ga. 410, 412 (1) (216 SE2d 258) (1975). In *Coker v. State,* 234 Ga. 555 (216 SE2d 782) (1975), we found no error where the defendant was tried in one trial for escape, armed robbery, rape, kidnapping and motor vehicle theft which constituted a continuous series of acts.

Here the crimes are not merely similar, but are nearly identical, and were separated by only a few

minutes and a few miles and can be said to constitute a continuous series of acts. Clearly, there was more reason here for joining the offenses than simply that they were "of the same or similar character."

Under these circumstances, the decision to grant severance rests within the sound discretion of the trial judge, who may balance the interests of the state and the accused by considering such factors as whether the same evidence would be necessary and admissible in each case, and whether the joining of the counts in one trial might confuse the jury. *Jarrell v. State,* supra. We cannot say the trial court abused his discretion in refusing severance of the offenses. The first enumeration of error is without merit.

2. The trial court did not err in allowing a police officer to state that he was familiar with the appearance of a Cadillac and that the automobile owned by appellant Clemson, in which appellants were riding when arrested, resembled a Cadillac. The second enumeration of error is without merit.

3. The third and fourth enumerations of error complain of the admission of evidence of a separate crime, and the denial of a motion for mistrial based upon the admission of this evidence.

The state introduced evidence, over objection, of an armed robbery of a gasoline station attendant which occurred nearby in DeKalb County earlier in the same evening. The attendant testified that appellants and three other black males pulled into his station and, after obtaining and paying for some gasoline, robbed him at gunpoint. When the appellants were arrested later that evening, he positively identified the appellants and the three juveniles, as well as the automobile.

None of the victims in the case being tried was able to identify either of the appellants. Therefore, evidence of a separate crime would have been admissible to show identity, as an exception to Code Ann. § 38-202, if the necessary conditions were satisfied. See *French v. State,* 237 Ga. 620 (229 SE2d 410) (1976). There was direct eyewitness testimony to satisfy the first condition that there be evidence that the accused, in fact, committed the separate crime. In support of the second condition, i.e.,

"sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter" there were the following characteristics: (1) They occurred on the same evening, within hours of each other; (2) They were closely related in terms of distance; (3) The same type automobile was used; (4) In each incident the assailants consisted of 5 black males, three of whom appeared to be substantially younger than the others. We note that the second test is framed in the disjunctive, that is, "similarity *or* connection." *French v. State,* supra, at 621. (Emphasis supplied.) Although the separate crime shown here bore little "similarity" to the offenses charged, a sufficient "connection" between the independent crime and the offenses charged was shown by the use of the same automobile for an armed robbery shortly before, and a short distance away from the scene of the crimes. The admission of evidence of this separate crime was not error.

4. The fifth enumeration of error complains that the confession of appellant Taylor should have been excluded because he was a minor at the time of his arrest and confession, and his parents were not notified of his arrest, nor advised of his rights, prior to questioning.

Taylor was 17 years of age when he was arrested. Although he had not reached the age of majority he was not subject to the provisions of the juvenile code. Code Ann. § 24A-401 (c) and (d) (Ga. L. 1971, pp. 709, 713; 1973, p. 579; 1973, pp. 882, 884; 1976, pp. 1064, 1065).

We know of no law which provides that a minor is conclusively presumed to be incapable of waiving his constitutional rights without the consent of his parents. Georgia law does not require that the parents of a 17-year-old youth be notified of his arrest prior to questioning. The trial court conducted a Jackson-Denno hearing, and concluded that the confession was given voluntarily, knowingly and intelligently. The evidence presented at the hearing authorized this finding. *Thomas v. State,* 233 Ga. 237, 240 (210 SE2d 675) (1974). The fifth enumeration of error is without merit.

The sixth enumerated error complains of the denial of appellants' motions for a new trial. The motions were

based upon the errors alleged in the first five enumerations, and for the reasons already stated, were properly denied.

*Judgments affirmed. All the Justices concur, except Ingram and Hall, JJ., who concur in the judgment only.*

SUBMITTED APRIL 29, 1977 — DECIDED JUNE 28, 1977 — REHEARING DENIED JULY 14, 1977.

*Leonard Cohen,* for appellants.

*William H. Ison, District Attorney, John P. Quinlan, Assistant District Attorney, Arthur K. Bolton, Attorney General, Susan V. Boleyn, Staff Assistant Attorney General,* for appellee.