### 32496. PADGETT et al. v. THE STATE.

HILL, Justice.

Six defendants were tried and convicted by a jury in a single trial on various charges of prostitution and related offenses that occurred on two separate dates in 1975. Defendant James Woods was convicted of keeping a place of prostitution on June 6 and July 11; Marilyn Padgett of prostitution on June 6 and July 11; Merrill Vines of pimping on June 6; Margaretha Woods of prostitution and pimping on July 11; and Martha Stevens and Linda Phillips of prostitution on July 11.

Each defendant filed a motion to sever his or her trial from that of the co-defendants urging that the offenses charged were unrelated and independent, that their defenses were in conflict, that the evidence was different as to each defendant and that a joint trial would jeopardize a fair and just determination of each case. The trial court denied their motions for severance, and the Court of Appeals affirmed. *Padgett v. State,* 142 Ga. App. 139 (235 SE2d 643) (1977). We granted certiorari because this is the first decision to reach this court involving

joinder and severance of both defendants and related but different offenses, since enactment of the 1968 Criminal Code (see Code Ann. § 26-506) and the repeal in 1971 of the automatic right of severance of defendants (see Code Ann. § 27-2101).

Two agents with the Georgia Bureau of Investigation testified that on June 6, 1975, at approximately 11 p.m. they spoke to a cab driver in front of a bar. The driver, defendant Merrill Vines, offered to take the agents "to a whore house." Present at that location were co-defendants Vines, James Woods and Marilyn Padgett. Defendant Padgett made an offer of prostitution to one of the agents and quoted him a price. The agents identified themselves and arrested the three defendants. There was evidence showing that James Woods owned and operated a place of prostitution and permitted the use of such location for the purpose of prostitution on both dates in question, June 6 and July 11, 1975.

As to the events of July 11, 1975, a military serviceman cooperating with the Savannah Police Department testified that he called defendant Margaretha Woods from the bar. After he told her that he was a serviceman who had obtained her name at the military base, Woods said she would call a cab to bring him to the location in question. Present at James Woods' house were co-defendants James Woods, Margaretha Woods, Marilyn Padgett, Stevens and Phillips. After Margaretha Woods stated that the serviceman could "have any one of these [women]," he chose Padgett, Margaretha Woods quoted a price and the five defendants were arrested.

The state called five witnesses (the two GBI agents, the serviceman and two police officers). The defense called no witnesses.

*Cain v. State,* 235 Ga. 128 (218 SE2d 856) (1975), involved joinder of defendants. There we held that the grant or denial of a motion to sever the trial of one defendant from another was, under Georgia law (Code Ann. § 27-2101) and the ABA Standards (Joinder and Severance, § 2.3), a matter within the discretion of the trial court and that severance generally should be granted where it is necessary to achieve a fair

determination of the guilt or innocence of a defendant. The defendants urge that it was an abuse of discretion to overrule the motions to sever and to try defendant Vines charged with pimping on June 6 in a joint trial with co-defendants Stevens and Phillips charged with prostitution on July 11.

*Dingler v. State,* 233 Ga. 462 (211 SE2d 752) (1975), involved joinder of offenses against a single defendant. There, after examining the applicable ABA Standards, we held that when two or more crimes, joined solely on the ground that they are of the same or similar character, were committed at different times and places and involved transactions with different persons, it is mandatory that the trial judge, upon defendant's motion, order separate trials for each of the crimes charged. These defendants urge that the Court of Appeals did not apply *Dingler* as shown by the fact that Marilyn Padgett was convicted of prostitution with a GBI agent on June 6 and of prostitution with a serviceman on July 11, and under *Dingler* she was, they urge, entitled to severance of those two separate offenses with different persons at different times.

As noted above, we have not heretofore considered a case involving both joinder of defendants and joinder of related but different offenses. Moreover, the ABA Standards do not expressly deal with this combination. However, those standards are instructive. For example, §§ 1.1(a) and 2.2(a), Joinder and Severance, show that severance of two or more offenses of the same or similar character which are also part of a single scheme or plan is not mandatory. *Dingler,* supra; *Clemson v. State,* 239 Ga. 357 (236 SE2d 663) (1977). Section 1.1 allows joinder of two or more offenses which are of the same or similar character even though not part of a single scheme or plan. It also allows joinder of two or more offenses based on the same conduct or on a series of connected acts or constituting parts of a single scheme or plan. *Jerrell v. State,* 234 Ga. 410 (216 SE2d 258) (1975). On motion, severance of the former is mandatory. ABA Standards § 2.2 (a); *Dingler,* supra. Severance of the latter is discretionary. ABA Standards, § 2.2 (b); *Clemson,* supra; *Jarrell,* supra.

Similarly, two or more defendants may be joined, even if conspiracy is not charged and all of the defendants are not charged in each count, when the several offenses charged were part of a common scheme or plan. ABA Standards, Joinder and Severance § 1.2 (c) (i). Severance of these defendants is within the discretion of the trial judge. ABA Standards, § 2.3 (b).

It is the phrases "single scheme or plan" and "common scheme or plan" which are used in connection with both joinder of offenses and joinder of defendants (§§ 1.1 (b), 1.2 (c) (i)), which provide the common denominator between offenses and defendants. We find that two or more defendants charged with different offenses may be tried jointly where the offenses were part of a common scheme or plan. On motion, severance should be granted where it is deemed appropriate to promote a fair determination of each defendant's guilt or innocence of each offense. *Baker v. State,* 238 Ga. 389, 391 (233 SE2d 347) (1977). This is in accordance with Code Ann. § 27-2101 where it is provided that except in cases where the death penalty is sought, defendants may be tried jointly or separately in the discretion of the trial court.

In the case before us we find sufficient evidence of a common scheme or plan to engage in the business of prostitution and to operate a house for that purpose so as to authorize joinder. The joint trial did not prevent or hinder a fair determination of each defendant's guilt of each offense and we find no abuse of discretion in denying severance.

*Judgment affirmed. All the Justices concur.*

ARGUED JULY 12, 1977 — DECIDED SEPTEMBER 7, 1977.

*John R. Calhoun, George M. Hubbard,* for appellants.

*Andrew J. Ryan, III, District Attorney, Robert M. Hitch, III, Assistant District Attorney,* for appellee.