60435. WHISENHUNT et al. v. THE STATE.

QUILLIAN, Presiding Judge.

Robert A. Whisenhunt and the Bay Management Company, Incorporated — for whom Whisenhunt worked, appeal their convictions of knowingly possessing devices used primarily to stimulate human genital organs, and distributing obscene material. *Held:*

1. The defendant contends the trial court erred in failing to give his "requested instruction" that the failure of the defendant to testify shall create no presumption against him. The record before us reveals that this instruction was first requested by the the defendant and then "orally withdrawn by counsel."

2. The trial court did not err in denying defendant's motion for new trial. The evidence of guilt was sufficient to enable any rational trier of fact to conclude the offenses charged were proven beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

In addition, defendant argues these "materials are not obscene as a matter of law and are protected expression under the First and Fourteenth Amendments of the U. S. Constitution." We do not agree. The publications depict acts of natural and aberrational sexual conduct, including the participant's genitals, solely for their own lewd and lascivious purpose and there is no discernible meaning

other than pornographic. These magazines are obscene as a matter of law and fact. *Gornto v. State,* 227 Ga. 46 (4) (178 SE2d 894), U. S. Cert. den. 402 U. S. 933; *Dyke v. State,* 232 Ga. 817, 821 (209 SE2d 166).

This Court having reached the required finding of obscenity (Jenkins v. Georgia, 418 U. S. 153 (94 SC 2750, 41 LE2d 642)), and obscenity not being within the area of constitutionally protected freedom of speech or press (Roth v. United States, 354 U. S. 476 (3) (77 SC 1304, 1 LE2d 1498); *Slaton v. Paris Adult Theatre I,* 231 Ga. 312 (1) (201 SE2d 456)), this enumeration is without merit.

3. There was sufficient proof of the participation of the defendant corporation. The corporate charter, its articles of incorporation — showing it was organized to transact business for profit in Georgia, and an action filed in the U. S. District Court for North Georgia by "Bay Management Company, Inc., d/b/a Classic Art Theatre & Book Store" and the admissions therein that "Plaintiff, Bay Management Company, Inc., d/b/a Classic Art Theatre & Book Store, is a Georgia Corporation, doing business at 23 Houston Street, Atlanta, Georgia . . . [and] [e]ach of the Plaintiffs either own, operate or are employed by, an adult motion picture theatre, an adult mini motion picture theatre, and/or an adult book store . . . [and] [e]ach of the Plaintiffs exhibits or sells to consenting adults certain explicit sexual motion picture film fare or publications . . ." were sufficient to show the corporate defendant's participation in the business visited by the two police officers at "21 Houston Street . . . an adult bookstore and theater located at that location, the Classic Art Theater and Bookstore." *Classic Art Corp. v. State,* 245 Ga. 448 (265 SE2d 577), also shows this "Adult Bookstore" was located at "21 Houston St., Atlanta, Ga." We do not find the two-digit difference between "21" and "23" Houston Street to require a different result. Considering the evidence in the light favorable to the verdict, it is sufficient to enable any rational trier of fact to find each element of the offenses charged beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307, supra.

4. It is alleged that it was error for the assistant solicitor to administer the oath to the jurors for the purpose of voir dire examination. The Code requires "[t]his oath shall be administered by the trial judge." Code Ann. § 59-704.1 (Ga. L. 1979, p. 1048). This court has held that this procedure was fatal error. *Ates v. State,* 155 Ga. App. 97 (270 SE2d 455) (1980).

However, the record does not reflect that this act occurred. A defendant has the burden of showing error affirmatively *by the record* and this burden is not discharged by recitations in the brief. *Roach v. State,* 221 Ga. 783 (4) (147 SE2d 299). The defendant has not

attempted to supplement the record as provided for in Code Ann. § 6-805 (f) (Ga. L. 1965, pp. 18, 24). Therefore, there is nothing for this court to review. *Allen v. State,* 230 Ga. 772 (2) (199 SE2d 246); *Smart v. State,* 147 Ga. App. 117 (5) (248 SE2d 185).

5. The court did not err in charging the jury on constructive knowledge of the obscene nature of the contents of the magazines. This issue has been decided adversely to the defendants by our Supreme Court. *Sewell v. State,* 238 Ga. 495 (4) (233 SE2d 187).

6. It was not error to charge that "every person of sound mind and discretion is presumed to intend the natural and probable consequences of their act, but that presumption may be rebutted." Such charge is not burden shifting and does not contravene Sandstrom v. Montana, 442 U. S. 510 (99 SC 2450, 61 LE2d 39), where the jury is also instructed such presumption may be rebutted. *Kametches v. State,* 242 Ga. 721, 724 (251 SE2d 232); *Skrine v. State,* 244 Ga. 520 (260 SE2d 900).

7. Code Ann. § 26-2101 (c) is constitutional. *Dyke v. State,* 232 Ga. 817 (1), supra; *Sewell v. State,* 238 Ga. 495 (1), supra.

8. Defendant complains that the trial court charged "three different times that the jury could find the material obscene if they found the material was pandered, that is, the distribution was a commercial exploitation of erotica solely for their prurient appeal." The charge complained of was taken from Code Ann. § 26-2101 (d) which refers to "commercial exploitation of erotica solely for the sake of their prurient appeal." This phrase has come to be known as the "Ginzburg pandering instruction." In Ginzburg v. United States, 383 U. S. 463 (86 SC 942, 16 LE2d 31), the Supreme Court held that to assist the jury in determining the issue of obscenity, they may consider the setting in which the publication was presented to the public, and "view the publications against a background of commercial exploitation of erotica solely for the sake of their prurient appeal." Id. at 466. Again, in Pinkus v. United States, 436 U. S. 293, 294 (98 SC 1808, 56 LE2d 293), the Supreme Court stated: "... to aid a jury in its determination of whether materials are obscene, the methods of their creation, promotion, or dissemination are relevant ... " Defendant argues, in this context, the trial court instructed the jury on pandering, but the evidence of the prosecution showed no pandering. Thus, he claims the charge was not adjusted to the evidence. We do not agree.

The officer who purchased one of the magazines described the exterior and interior of the "adult bookstore" — including signs of "adult books and things" for sale, the marquee advertised "triple X-rated movies," and signs showed "peep show" movies could be seen, and "adult magazines and adult materials" could be purchased

inside. "The racks contain adult magazines, most of them have pictures showing explicit sexual acts on the covers . . . The magazines are in a plastic wrapper; however, you can see the front and back cover." The covers of the magazines purchased from the defendants show acts of sexual intercourse and aberrational sexual conduct.

The United States Supreme Court held that "while it is true the Government offered no extensive evidence of the methods of production, editorial goals, if any, [or] methods of operation . . . the evidence was sufficient to trigger the Ginzburg pandering instruction." Pinkus v. United States, 436 U. S. 293, 304, supra. We also find the evidence quoted above to authorize the pandering instruction. The language charged was taken from the statute and Ginzburg, supra. The charge was adjusted to the evidence. Thus, we find no error.

9. Defendant enumerates as error the charge of the trial court that "material which appears to the prurient interest is material which has a tendency to excite lustful thoughts." Roth v. United States, 354 U. S. 476 (4a) (77 SC 1304, 1 LE2d 1498), set forth guidelines for determining obscenity. One such standard was: "Obscene material is material which deals with sex in a manner appealing to prurient interest — i.e., material having a tendency to excite lustful thoughts." This enumeration is without merit.

10. The last enumerated error complains of the failure of the trial court to grant separate trials for each of the accusations.

In Dingler v. State, 233 Ga. 462 (211 SE2d 752), the Supreme Court answered in the affirmative to the certified question: "When two or more crimes are charged in separate counts in a single indictment, though committed at different times and places and involving transactions with different persons, and are of the same general nature or species, and the mode of trial is the same, is it mandatory that the trial judge, upon motion of the defendant, order separate trials for each of the crimes charged?" At the same time, the Supreme Court adopted the ABA Standards on Joinder. Id. at 464. Dingler, supra, was interpreted in Padgett v. State, 239 Ga. 556 (238 SE2d 92), which involved "joinder and severance of both defendants and related but different offenses," as in the instant case. It was held that "severance of two or more offenses of the same or similar character which are also part of a single scheme or plan is not mandatory. Dingler, supra; Clemson v. State, 239 Ga. 357 (236 SE2d 663)." Id. at 558. Padgett also held that even though the ABA Standards "also allows joinder of two or more offenses based on the same conduct or a series of connected acts or constituting parts of a single scheme or plan" severance was discretionary, and if "two or more offenses which are of the same or similar character" but are "not

part of a single scheme or plan . . . [o]n motion, severance . . . is mandatory." *Padgett v. State,* 239 Ga. at 558, supra.

"Offenses may also be joined for trial when they are based (1) 'on the same conduct' or (2) 'on a series of acts connected together' or (3) on a series of acts 'constituting parts of a single scheme or plan.' . . . If offenses are joined for any of these three reasons, the defendant does not have an automatic right of severance; instead, the trial judge may grant severance if it is necessary 'to achieve a fair determination of the defendant's guilt or innocence of each offense.' " *Haisman v. State,* 242 Ga. 896, 900 (252 SE2d 397). Thus, "where the joinder is based upon the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan, severance 'lies within the sound discretion of the trial judge since the facts in each case are likely to be unique.' " *Coats v. State,* 234 Ga. 659, 662 (217 SE2d 260). Stated conversely, "[t]he right to severance of offenses exists only where the offenses have been 'joined *solely* on the ground that they are of the same or similar character.' " *Phillips v. State,* 238 Ga. 616, 618 (5) (234 SE2d 527); *Coats v. State,* 234 Ga. 659, 662, supra.

Under the test of *Haisman,* supra, it is obvious that the acts of the defendants are not based on the "same conduct" or "a series of acts connected together." Are the acts charged "a series of acts 'constituting parts of a single scheme or plan?' "

"It is clear that where separate crimes are committed in order to accomplish a single criminal purpose, the crimes are said to constitute a single scheme or plan, even if they are somewhat removed from one another in terms of time and place." *Clemson v. State,* 239 Ga. 357, 359, supra. The purpose and intent of the entire operation in the instant case was the continuing sale of pornographic material (See Division 3 above), whether the sales were made on a minute by minute basis, a day by day basis, or on an intermittent basis. This type operation is similar to a "fence" who deals in the trafficking of stolen goods. Such receiver and seller of stolen goods deals with whomever and wherever the opportunity presents itself — on an intermittent basis, to carry out his singular purpose and plan. We find these continuing sales — on an intermittent basis, to constitute a single scheme or plan for the purpose of a single prosecution. This enumeration is not meritorious. Cf. *Phillips v. State,* 238 Ga. 616 (5), supra; *Wingfield v. State,* 231 Ga. 92, 99-100 (200 SE2d 708); *Underwood v. State,* 144 Ga. App. 684 (2) (242 SE2d 339).

*Judgments affirmed. Shulman and Carley, JJ., concur.*

SUBMITTED SEPTEMBER 15, 1980 — DECIDED OCTOBER 28, 1980 — REHEARING DENIED NOVEMBER 25, 1980 —

*Glenn Zell,* for appellants.

*Hinson McAuliffe, Solicitor, Leonard W. Rhodes, George M. Weaver, Assistant Solicitors,* for appellee.