## 60443. BAILEY et al. v. THE STATE.

SOGNIER, Judge.

Clyde Bailey, Maria Venable and Eduardo Valenzuela appeal their burglary convictions, enumerating five errors. We affirm.

1. Appellants first contend the trial court erred by denying their motion to suppress all tangible evidence seized in a warrantless consent search of a residence, and all testimony concerning such evidence. However, the property seized was not introduced at trial and no objection was made to the admission of testimony relating to the seized property. " 'It is harmless error to overrule a motion to suppress evidence which is never introduced; furthermore, testimony is outside the scope of a motion to suppress, and should be objected to

on the trial. (Cit.)' [Cits.] '(F)ailure to make a timely objection to testimony when it is offered results in a waiver of any objection that might have been urged. (Cits.)' . . ." *Jackson v. State,* 146 Ga. App. 736 (1) (247 SE2d 512) (1978). See also *McDowell v. State,* 239 Ga. 626, 627 (2) (238 SE2d 415) (1977). Thus, this enumeration is without merit.

Our disposition of this enumeration renders moot appellants' contention that the trial court abused its discretion when the judge refused to charge, as requested by appellants, that it was within the province of the jury to determine the validity of the search.

2. Appellants next assert that their motion to sever should have been granted because two of the three defendants (Bailey and Venable) made written statements and tape recordings incriminating themselves and other participants in the burglaries, which were allowed in evidence without deleting the other names, thereby violating the criteria set forth in *Cain v. State,* 235 Ga. 128 (218 SE2d 856) (1975). However, the record indicates that the names of persons other than the one making the statements were deleted, and further, the statements were not read to the jury and were not introduced in evidence. Even had the statements been introduced, our Supreme Court has held that such statements are admissible if all references to co-defendants are deleted. *Depree v. State,* 246 Ga. 240, 241 (271 SE2d 155) (1980). Further, appellants have shown no prejudice which might have been avoided by severing the trials. "The fact that the appellants made confessions implicating each other does not necessarily establish such prejudice." *Carroll v. State,* 147 Ga. App. 332, 333 (1) (248 SE2d 702) (1978). Accordingly, the court did not err in denying the motion to sever.

3. Appellants also moved to sever counts of the indictment. Each appellant was charged with two counts of burglary relating to burglary of two residences located one-fourth mile apart on Cameron Mill Road in Troup County. The burglaries occurred within five days of each other in December of 1979, and the evidence indicated many similarities in the two burglaries, including statements made to police by appellants that they were involved in a continuing burglary scheme.

"The right to severance of offenses exists only where the offenses have been 'joined *solely* on the ground that they are of the same or similar character.' *Dingler v. State,* 233 Ga. 462, 464 (211 SE2d 752) (1975) (Emphasis supplied.)" *Phillips v. State,* 238 Ga. 616, 618 (5) (234 SE2d 527) (1977). However, where they are " 'based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan,' " severance lies within the discretion of the trial court since the facts in each case are likely to

be unique. *Dingler v. State,* supra, at p. 463; Code Ann. § 26-506 (b) and (c). "It is clear that where separate crimes are committed in order to accomplish a single criminal purpose, the crimes are said to constitute parts of a single scheme or plan, even if they are somewhat removed from one another in terms of time and place. [Cit.] . . .

"Here the crimes are not merely similar, but are nearly identical, and were separated by only a few [days and one-fourth mile] and can be said to constitute a continuous series of acts. Clearly, there was more reason here for joining the offenses than simply that they were 'of the same or similar character.'" *Clemson v. State,* 239 Ga. 357, 359 (1) (236 SE2d 663) (1977). Accord, *Askea v. State,* 153 Ga. App. 849, 850 (2) (267 SE2d 279) (1980). Applying these rules to the facts of the instant case, we find no abuse of discretion by the trial court in refusing to sever the two counts of burglary.

4. At the Jackson-Denno hearing outside the presence of the jury the trial judge determined that all in-custody statements of appellants were voluntarily made. Where, as here, the evidence presented by the state and that of the defense is conflicting, the factual determinations of the trial court, unless they are shown to be clearly erroneous, must be accepted by this court. *Etterle v. State,* 155 Ga. App. 210 (270 SE2d 376) (1980); *Jones v. State,* 245 Ga. 592, 598 (4) (266 SE2d 201) (1980). There is no evidence to show that the factual determination of voluntariness by the trial judge was clearly erroneous and accordingly, this enumeration of error is without merit.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED JANUARY 5, 1981 —
REHEARING DENIED JANUARY 27, 1981 —

*Ken Gordon,* for appellants.
*William F. Lee, Jr., District Attorney,* for appellee.