A96A1068. DAVIS v. THE STATE.
(477 SE2d 639)

BEASLEY, Chief Judge.

A jury convicted Davis of theft by taking (OCGA § 16-8-2) from a woman and of robbery (OCGA § 16-8-40) by force of a gentleman.

1. Davis challenges the sufficiency of the evidence to support her conviction of the robbery. As appellant recognizes, the evidence is viewed on appeal in support of the verdict. *Rachel v. State*, 247 Ga. 130, 131 (1) (274 SE2d 475) (1981).

McClure, the 67-year-old robbery victim, testified that on the evening of May 14, 1994, he was in bed at his home when Davis knocked on his door asking to use the telephone. When he opened the door, she shoved him down and went into his bedroom, took his billfold with $200 in it from the pocket of his pants lying across a chair in the bedroom and left. She later returned the billfold without the money.

After her arrest, Davis gave a statement to the police admitting that she had stolen the money from the theft victim's purse but denied robbing McClure. She told the police that on the date McClure was allegedly robbed, she had been with a man named Haynes all night. When she testified, she did not deny that she lied when she told police she did not go to McClure's that night. Testifying as a State's witness, Haynes denied being with her at the time of the robbery.

Davis testified that McClure had invited her to his house and

paid her $200 to have sex with him but was unable to consummate the act. She claimed that McClure threatened to accuse her of robbery because she refused to return all of his money.

Davis bases her challenge of sufficiency primarily upon conflicts between McClure's testimony and statements made by him to police concerning her actions after she took the money from his billfold.

" ' "The weight and credibility of witnesses are questions for the triers of fact; that some evidence offered by a witness seems contradictory to his own or to some other's, or incomplete or uncertain, does not automatically discredit the evidence given by that witness . . . for it is the function of the triers of fact to determine to what evidence it gives credence. (Cit.) It is not for us to determine or question how the jury resolved any apparent conflicts or uncertainties in the evidence. (Cit.)" ' [Cits.]" *York v. State*, 207 Ga. App. 494, 495 (1) (428 SE2d 113) (1993).

Applying the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the evidence was sufficient to enable a rational trier of fact to find defendant guilty beyond a reasonable doubt of robbery by force.

2. Davis contends that the trial court erred in not granting her motion for severance of offenses. She cites no authority, and little argument, in support of this enumeration. She merely states that this "worked severe prejudice and harm" to her, with no explanation. She did include argument in this regard in her motion to the trial court. The motion was heard, with evidence, several months before trial, but no transcript of the hearing is in the record before this Court, and the trial court did not indicate in the order the basis for denial. Enumerations "not supported by citation of authority or argument are therefore deemed abandoned in accordance with Georgia Court of Appeals Rule 27 (c) (2)." *McCoy v. State*, 218 Ga. App. 640, 641 (2) (462 SE2d 799) (1995); *Height v. State*, 221 Ga. App. 647, 650 (8) (472 SE2d 485) (1996).

Even addressing the enumeration on the merits, the result is the same.

The evidence of the other crime is as follows. Through the testimony of victim Dusenberg and that of a woman who lived with her, it was established that on the evening of April 15, one month prior to the McClure robbery, Davis was a guest in Dusenberg's home. When Dusenberg left the room, Davis stole $80 from her purse but was nearly caught red-handed. Davis later admitted to police and to the victim that she had taken the money, and she told the victim she would pay her back but did not do so. She also admitted at trial that she committed the theft by taking.

"[S]everance of two or more offenses of the same or similar character which are also part of a single scheme or plan is not mandatory.

[Joinder is allowed] of two or more offenses which are of the same or similar character even though not part of a single scheme or plan. [It is also allowed] of two or more offenses based on the same conduct or on a series of connected acts or constituting parts of a single scheme or plan. On motion, severance of the former is mandatory. Severance of the latter is discretionary." (Citations omitted.) *Padgett v. State,* 239 Ga. 556, 558 (238 SE2d 92) (1977).

The State argues that the two crimes of which Davis was charged constituted a single scheme or plan, thus leaving severance to the trial court's discretion. It identifies the single scheme as being for defendant to enter the residence of someone she knew on the pretext of visiting with a legitimate purpose; whereas, the real purpose was to steal money, which was accomplished by rifling their purses. The two crimes were committed a month apart at night. The robbery victim had known her by name all her life and had on at least one occasion loaned her money for cigarettes at the grocery store. The theft victim knew her and had visited her home. Neither one was particularly friendly with her at the time of these incidents.

In *Clemson v. State,* 239 Ga. 357, 359 (1) (236 SE2d 663) (1977), the question was whether it was an abuse of discretion not to sever an attempted armed robbery, aggravated assault, and simultaneous armed robbery from two subsequent simultaneous armed robberies against two other victims. The latter two occurred minutes after the first incident, on the exit ramp of a highway a few miles from the road where the first incident occurred. The Supreme Court held that it was not error to refuse severance because the crimes were not merely of the same or similar character but also could be said to constitute a continuous series of acts. "It is clear," instructed the court, "that where separate crimes are committed in order to accomplish a single criminal purpose, the crimes are said to constitute parts of a single scheme or plan, even if they are somewhat removed from one another in terms of time and place." Id. at 359.

Here, too, although the time is longer and the places are more distant, there is "more reason here for joining [them] than simply that they were 'of the same or similar character.' " Id. at 360. They constitute parts of a single scheme or plan and shared a single criminal purpose, in the same sense as did the prostitution-related offenses in *Padgett,* supra. See also the cases collected in *Hayes v. State,* 182 Ga. App. 26, 27 (1) (354 SE2d 655) (1987); *Phillips v. State,* 238 Ga. 616, 618 (5) (234 SE2d 527) (1977), where it was held not error to refuse severance of two armed robberies of the same store cashier within a one-month period and the shooting of one store employee on the second occasion; *Cooper v. State,* 253 Ga. 736, 737 (3) (325 SE2d 137) (1985), where it was held not error to refuse severance of aggravated assault with intent to rape one victim, kidnap-

ping and rape of a second victim, and simple battery of a third victim. The three instances of violence occurred in the same vicinity within a fifteen-day period. The court concluded that the similarity among them reached the level of a pattern, showing that Cooper's "bent of mind was such that the offenses 'constituted parts of a single scheme or plan.'" Id.

The circumstances in *Hayes* differed, because there was no viable common scheme or plan connecting the defendant's theft by taking alone on one day and two armed robberies she and her brother committed two days later. The only perceived connection was the family relationship.

By analogy, there is not in this case a joinder of offenses "solely on the ground that they are of the same or similar character," which the Supreme Court ruled *must* be separated for trial on motion of defendant. *Dingler v. State*, 233 Ga. 462 (211 SE2d 752) (1975). The reason for this requirement is " 'the great risk of prejudice from a joint disposition of unrelated charges.'" (Citation omitted.) Id. at 464.

The question is "whether severance is necessary to achieve a fair determination of the defendant's guilt or innocence of each offense." *Coats v. State*, 234 Ga. 659, 662 (217 SE2d 260) (1975). Where, as in this case, severance falls to the court's sound discretion, the " 'court should consider whether in view of the number of offenses charged and the complexity of the evidence to be offered, the trier of fact will be able to distinguish the evidence and apply the law intelligently as to each offense.'" (Citation omitted.) Id.

The interest of justice, see *Jarrell v. State*, 234 Ga. 410, 412 (1) (216 SE2d 258) (1975), did not require severance. The earlier theft was admitted, so there was no real issue to be tried as to that offense and thus no confusion of law or evidence by the trier of fact. See *Dingler*, supra at 463. In addition, the crimes were simple, involved only one defendant and one victim each time, and the court clearly charged the jury to consider each charge separately. The trial lasted about half a day, the evidence was presented by seven witnesses, including defendant and her witness, and the jury announced its verdict on each count separately. There was nothing complex about these two offenses such as could make it difficult for the trier of fact " 'to distinguish the evidence and apply the law intelligently as to each offense.'" (Citation omitted.) Id. at 464. Lastly, the risk of prejudice (" 'smear' effect") from this joint disposition was minimal. Id. at 463.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED OCTOBER 28, 1996.

*Richard Thurman*, for appellant.

*Roger G. Queen, District Attorney, William B. Britt, Assistant District Attorney*, for appellee.