A97A1075. SMITH v. THE STATE.
(484 SE2d 773)

Judge Harold R. Banke.

A jury convicted Solomon Smith of robbery by force, theft by receiving, and robbery by sudden snatching. Following the denial of his motion for new trial, Smith enumerates four errors.

On appeal, the evidence must be viewed in the light most favorable to the verdict. *Rachel v. State*, 247 Ga. 130, 131-132 (1) (274 SE2d 475) (1981). Viewed in that manner, the State's evidence was as follows. While riding in a local park, Robert Seckenger was suddenly struck in the face and knocked off his bicycle by Smith. Smith grabbed Seckenger's radio, watch, and bicycle and threatened to shoot him. Later the same day, Smith pawned the bicycle at Welsh

Pawn Shop which supplied the police with a pawnshop card issued to Solomon Smith and containing Smith's thumbprint. After the ID Unit matched the pawnshop print with its file prints for Smith, police contacted Seckenger. Seckenger identified Smith from a photospread, subsequently recovering his bicycle from the pawnshop. The photo array consisted of six photographs of black males with mustaches.[1] At trial, Seckenger expressed certainty that the perpetrator was Smith, testifying, "I'll never forget it [his face]." Smith admitted pawning the bicycle but claimed he had purchased it from a homeless man with an incomplete name and no known address.

Six days after robbing Seckenger, Smith robbed again. The victim of the robbery by sudden snatching, attorney Bernt Meyer, testified that as he was completing his shower, he spotted Smith at his dresser reaching for something. After Smith bolted, Meyer's son pursued him without success. Meyer's son knew Smith as "Miami" and "Solomon" and had a telephone number which investigators determined belonged to Smith's upstairs neighbor. Meyer reported that his leather money clip with $80 to $90, a Seiko watch, and a Marine Corps ring had been stolen. Meyer testified that two or three days after the robbery, a man who identified himself as "Solomon" threatened him during a telephone call, warning that if Meyer contacted the police or caused him any further problem, he would be "very sorry." *Held*:

1. Counsel was not ineffective for electing not to subpoena Smith's two purported alibi witnesses. In order to establish ineffectiveness of trial counsel under *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984), Smith must show not only that his counsel's performance was deficient but also that the deficient performance prejudiced his defense. *Stephens v. State*, 265 Ga. 120, 121 (2) (453 SE2d 443) (1995).

At the new trial motion hearing, Smith's trial counsel testified that Smith never mentioned any alibi witnesses until the day of trial. At the motion hearing, Smith initially claimed that both his fiancee and his boss could prove he was at work on Wilmington Island and not at Forsyth Park at the time of the bicycle robbery. Later Smith admitted that his fiancee would not be able to provide an alibi for 8:45 a.m. because all she could say was that she saw him leave for work at 7:45 that morning. Counsel testified that at Smith's behest he contacted Smith's boss who informed him that he could not recall whether Smith worked the day of the robbery and advised that his wife could check the business records. When counsel contacted her,

---

[1] In solving the second robbery also at issue here, which occurred several days later, investigators created a photo array from which Seckenger identified Smith as his assailant.

she stated that the business records indicated Smith had not worked that day. Under these facts, Smith cannot show the requisite prejudice to his defense. *Stephens*, 265 Ga. at 121 (2). The trial court's finding that Smith was not denied effective assistance of counsel was not clearly erroneous and must be affirmed. *Warren v. State*, 197 Ga. App. 23, 24 (1) (397 SE2d 484) (1990).

2. Counsel was not ineffective for electing not to file a motion to suppress Seckenger's identification of Smith from the photo array which Smith contends was unduly suggestive. Generally, there is a strong presumption that trial counsel's performance falls within the wide range of reasonable professional assistance, and that any challenged action by trial counsel might be considered sound trial strategy. *Stephens*, 265 Ga. at 121-122.

Counsel elected not to file a motion to suppress the identification, instead opting to focus on the issue of suggestibility at trial. During the trial, he challenged the composition of the array as well as the reliability of Seckenger's identification based on the array. Given the certainty of Seckenger's in-court identification of Smith, coupled with the pawnshop card issued to Smith on the same day as the bicycle robbery, and Smith's flimsy explanation as to how he acquired the bicycle, Smith failed to prove the requisite harm and error needed for reversal. *Durham v. State*, 129 Ga. App. 5, 6 (3) (198 SE2d 387) (1973).

3. The trial court did not err in denying Smith's motion to sever the charges for robbery by force and robbery by sudden snatching. At its discretion, a trial court may order separate trials if the interest of justice so requires. OCGA § 16-1-7 (c); *Slocum v. State*, 230 Ga. 762 (1) (199 SE2d 202) (1973); see *Jarrell v. State*, 234 Ga. 410, 412 (1) (216 SE2d 258) (1975); *Mathis v. State*, 231 Ga. 401, 403 (1) (202 SE2d 73) (1973).

In denying the motion to sever, the trial court determined that the two robbery counts showed a common scheme or plan. See *Davis v. State*, 223 Ga. App. 346, 347-348 (2) (477 SE2d 639) (1996). The robberies were closely connected in time. After considering the number of offenses, the complexity of the case, the ability of the jury to distinguish the evidence and to apply the law intelligently to each offense, as well as the risk of prejudice against a joint disposition, the trial court concluded that it was proper to hear both cases together. See *Coats v. State*, 234 Ga. 659, 662 (4) (217 SE2d 260) (1975); *Lane v. State*, 210 Ga. App. 738, 739 (1) (437 SE2d 479) (1993). Under these facts, we are not able to conclude that the trial court abused its discretion in denying the motion to sever. *Wilson v. State*, 245 Ga. 49, 54 (4) (262 SE2d 810) (1980).

4. Smith's remaining enumeration challenges the verdict on general grounds. Inasmuch as this enumeration is not supported by

argument or authority, it is deemed waived. *Jackson v. State*, 213 Ga. App. 420, 421 (444 SE2d 854) (1994). In any event, given Smith's admission that he pawned the bicycle and the certainty of both victims' eyewitness identification of Smith, a rational trier of fact could have found the essential elements of the crimes with sufficient certainty to satisfy *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED MARCH 26, 1997.

*Orin L. Alexis*, for appellant.

*Spencer Lawton, Jr., District Attorney, Christine M. Sieger Barker, Assistant District Attorney*, for appellee.