[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-10495
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 25, 2010
JOHN LEY
ACTING CLERK

D. C. Docket No. 03-00249-CV-CAR-5

LEWIS BOGAN,

Petitioner-Appellant,

versus

PAUL THOMPSON,
Warden, Telfair State Prison,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(January 25, 2010)

Before BIRCH, CARNES and ANDERSON, Circuit Judges.

PER CURIAM:

Lewis Bogan, a Georgia prisoner proceeding pro se, appeals the district court's dismissal of his 28 U.S.C. § 2254 petition.

On December 30, 1996, Bogan snatched a woman's purse in the parking lot of a restaurant in Perry, Georgia, and jumped into a nearby pickup truck. The woman's husband pursued Bogan and managed to grab on to the driver's side of the truck. Bogan drove off, dragging the husband with him until he managed to shake the man from the truck, leaving him injured on the ground. Three days later, an employee of an auto shop in Perry called police to report a man offering to sell a like-new pickup truck for much less than it was worth. Police confirmed that the vehicle, which matched the description of the truck used in the robbery, had been stolen several days earlier from Florida. They found Bogan and the truck's ignition key in the store's darkened restroom.

Bogan was convicted in state court of theft by receiving stolen property in relation to the truck, robbery by sudden snatching, and aggravated assault against the husband. The Georgia Court of Appeals affirmed Bogan's convictions on direct review, rejecting his claims of ineffective assistance of counsel. In dismissing Bogan's habeas petition, the district court concluded that the state court's resolution of his claims was not contrary to nor an unreasonable application of clearly established federal law.

We granted a certificate of appealability (COA) on two questions: (1)

2

"Whether the district court erred in determining that the state court's decision—that trial counsel's failure to interview any of the state's sixteen witnesses prior to trial did not constitute deficient performance—was not contrary to, or an unreasonable application of, clearly established federal law?" and (2) "Whether the district court erred in determining that the state court's decision—that counsel's failure to file a motion to sever the theft charge from the other charges in the indictment constituted a reasonable tactical decision—was not contrary to, or an unreasonable application of, clearly established federal law?"

## I.

We review de novo a district court's denial of a habeas petition under 28 U.S.C. § 2254, but we review its factual findings only for clear error. See Sims v. Singletary, 155 F.3d 1297, 1304 (11th Cir. 1998). A habeas petition based on ineffective assistance of counsel presents a mixed question of law and fact that we review de novo. Id. A federal court may not grant habeas relief on claims that were previously adjudicated in state court, unless the state-court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court of the United States; or . . . resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the [s]tate court proceeding." 28 U.S.C. § 2254(d)(1)–(2). "A state-court decision is

3

contrary to . . . clearly established precedents if it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or if it confronts a set of facts that is materially indistinguishable from a [Supreme Court] decision . . . but reaches a different result." Brown v. Payton, 544 U.S. 133, 141, 125 S. Ct. 1432, 1438–39 (2005) (citing Williams v. Taylor, 529 U.S. 362, 405, 120 S. Ct. 1495, 1519 (2000), and Early v. Packer, 537 U.S. 3, 8, 123 S. Ct. 362, 365 (2002)). "A state-court decision involves an unreasonable application of . . . clearly established precedents if the state court applies [the Supreme] Court's precedents to the facts in an objectively unreasonable manner." Id. (citing Williams, 529 U.S. at 405, 120 S. Ct. at 1519, and Woodford v. Visciotti, 537 U.S. 19, 24–25, 123 S. Ct. 357, 360, (2002)).

A state court's determination of a factual issue is presumed correct, unless the petitioner rebuts it by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). However, because an ineffectiveness claim is a mixed question of law and fact, the state court's conclusion that counsel rendered effective assistance is not entitled to a presumption of correctness. Coulter v. Herring, 60 F.3d 1499, 1503 (11th Cir. 1995).

In Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984), the Supreme Court set out a two-part inquiry for ineffective assistance of counsel claims:

4

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

A habeas petitioner claiming ineffective assistance of counsel must succeed on both prongs of the Strickland test. Johnson v. Alabama, 256 F.3d 1156, 1176 (11th Cir. 2001). Because we conclude that Bogan has failed to make a sufficient showing of deficient performance on either of his claims, we need not address prejudice. See Strickland, 466 U.S. at 697, 104 S. Ct. at 2069.

When evaluating the performance prong, counsel's representation is judged by an objective standard of reasonableness under all the circumstances, and "[j]udicial scrutiny of counsel's performance must be highly deferential." See id. at 688–89, 104 S. Ct. at 2065. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 689, 104 S. Ct. at 2065. In order to demonstrate deficient performance, the petitioner must overcome a "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance" and that "under the circumstances, the challenged action might be considered sound trial strategy." Id. (quotation marks omitted). The

5

petitioner bears the heavy burden of proving that "no competent counsel would have taken the action that his counsel did take." Johnson, 256 F.3d at 1176–77 (citation omitted).

## II.

Bogan argues that his counsel performed deficiently because he did not interview any of the state's witnesses before trial, and instead merely reviewed the witness statements provided in discovery. "'[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary,'" but we apply a strong presumption of reasonableness to counsel's investigation. Mitchell v. Kemp, 762 F.2d 886, 888–89 (11th Cir. 1985) (quoting Strickland, 466 U.S. at 691, 104 S. Ct. at 2066).

Bogan's trial counsel attested that he had twice reviewed the prosecutor's file and the statements of the sixteen witnesses, that he had familiarized himself with their potential testimony, and that he believed he had been adequately prepared for trial. The state court correctly identified Strickland as the appropriate legal standard for ineffective-assistance claims, and it concluded Bogan had failed to prove that counsel's decision was deficient under the performance prong of Strickland. Bogan points to no specific instance in which counsel was surprised by a witness's testimony or failed to perform an effective cross-examination. Apart from the bare assertion that failure to interview witnesses reflects inadequate

6

preparation, Bogan does not offer any argument against the adequacy of his counsel's pretrial investigation.[1] Thus, he has not shown that the state court applied Strickland unreasonably. See Brown, 544 U.S. at 141, 125 S. Ct. at 1438–39; Strickland, 466 U.S. at 688–89, 104 S. Ct. at 2065. The district court did not err in deferring to the state court's holding and dismissing Bogan's claim. See 28 U.S.C. § 2254(d)(1); Sims, 155 F.3d at 1304.

### III.

Bogan also contends that trial counsel was ineffective because he did not move to sever the stolen-property charge from the robbery and assault charges. Without evidence connecting Bogan to the truck, he argues, there would have been little to identify him as the perpetrator of the robbery. Bogan's counsel stated after trial that, in hindsight, he realized he "probably should have filed a Motion to Sever" and that "Lewis Bogan would NOT have been convicted of Aggravated Assault . . . or Robbery . . . if a severance had been granted."

As noted above, the courts must apply a "strong presumption that . . . under the circumstances, the challenged action might be considered sound trial strategy." Strickland, 466 U.S. at 689, 104 S. Ct. at 2065 (quotation marks omitted). Georgia courts generally consider the decision whether to move for severance to be a matter

---

[1] Bogan's argument focuses instead on his counsel's failure to subpoena two other potential witnesses who might have impeached the testimony of some of the state's witnesses. This issue is outside the scope of the COA, so we decline to consider it. See Murray v. United States, 145 F.3d 1249, 1250–51 (11th Cir. 1998).

of trial tactics, <u>Scott v. State</u>, 506 S.E.2d 880, 881 (Ga. Ct. App. 1998), though it is possible to prove that such failure constituted deficient performance, <u>see</u> <u>Harris v. State</u>, 557 S.E.2d 452, 453–54 (Ga. Ct. App. 2001).

We note also that while it is possible a severance might have improved his chances, Bogan would not automatically have been entitled to one even had his attorney asked. In a situation where multiple charges arise out of the same course of conduct or a series of connected acts, whether to grant severance is left to the discretion of the trial court. <u>Davis v. State</u>, 477 S.E.2d 639, 641 (Ga. Ct. App. 1996); <u>see</u> O.C.G.A. § 16-1-7(c). The stolen truck was used to commit the assault and to escape from the scene of the robbery, and Bogan's use of the truck during the robbery was part of the continuing offense of receiving stolen property. Evidence that Bogan was later arrested with a truck matching the description of that used in the robbery helped connect him to the other crime. In this case, the Georgia court concluded that Bogan had not established deficient performance because he had done nothing more than raise the possibility that he might have benefited from separate trials. Counsel's later admission that he wished he had done things differently does not indicate that his failure to file the motion was due to oversight rather than simply a poor strategic choice. <u>See</u> <u>Grayson v. Thompson</u>, 257 F.3d 1194, 1222 (11th Cir. 2001) (counsel's own hindsight does not establish deficient performance). "Because ineffectiveness is a question which we must

8

decide, admissions of deficient performance by attorneys are not decisive." Harris v. Dugger, 874 F.2d 756, 761 n.4 (11th Cir. 1989). The Georgia Court of Appeals did not unreasonably apply clearly established federal law when it concluded that Bogan had failed to show that counsel's performance was outside the wide range of reasonable professional assistance. See Strickland, 466 U.S. at 689, 104 S. Ct. at 2065.

**AFFIRMED.**