## 27842. KING v. THE STATE.

NICHOLS, Justice. This appeal is from a conviction of murder and armed robbery. The enumerations of error relate to a voir dire question, the admission of evidence, and an excerpt from the court's charge to the jury.

1. During the voir dire examination of prospective jurors, the district attorney asked one witness if she had ever been associated with or in sympathy with a specifically named group or any similar groups. Before the question was answered, an objection by counsel for the defendant was made and the district attorney was instructed not to ask other prospective jurors such questions.

The Act of 1951 (Ga. L. 1951, pp. 214, 215; Code Ann. § 59-705) provides for individual examination of prospective jurors "touching any matter or thing which would illustrate any interest of the juror in the

cause, including. . .any fact or circumstance indicating any inclination leaning or bias which the juror might have respecting the subject matter of the suit. . .and religious, social and fraternal connections of the juror."

Under decisions exemplified by *Hill v. State,* 221 Ga. 65, 68 (142 SE2d 909); *Curtis v. State,* 224 Ga. 870, 871 (165 SE2d 150); and *McNeal v. State,* 228 Ga. 633, 635 (187 SE2d 271), the trial court has a discretion to limit the examination to questions dealing directly with the specific case and to prohibit general questions.

The trial court exercised such a discretion upon objection by the defendant's counsel in this case and the failure to grant a mistrial because of a question which it would not have been error to permit is not error.

2. " 'One of the exceptions to the rule that on prosecution for a particular crime evidence which tends to show that the defendant committed another crime wholly independent from that for which he is on trial is irrelevant and inadmissible, is where the other crime is a part of the res gestae. See *Floyd v. State,* 143 Ga. 286 (2) (84 SE 971); *Hill v. State,* 161 Ga. 188 (2) (129 SE 647); *Wilson v. State,* 173 Ga. 275 (160 SE 319); *Thornton v. State,* 209 Ga. 51 (2) (70 SE2d 733).' *Williams v. State,* 223 Ga. 773, 774 (158 SE2d 373)." *Katzensky v. State,* 228 Ga. 6 (1) (183 SE2d 749). Under this exception, it was not error to admit evidence of the theft of an automobile on the date prior to the armed robbery and murder, which automobile was used in the commission of the offenses charged.

3. The trial court has a wide discretion in permitting the state to introduce additional evidence after it has closed its case. See *Britten v. State,* 221 Ga. 97, 100 (143 SE2d 176), and cits.

Where, as in the present case, a witness for the defendant while on cross examination, identifies an article of clothing as being similar to one that he had seen the

defendant wearing, and other testimony is adduced that such article of clothing was found near the scene where the automobile used in connection with the armed robbery and murder was found abandoned, it cannot be said the trial court abused its descretion in permitting such evidence after the state had closed its case.

Nor was it error to admit such article of clothing in evidence where there was also evidence that its color was the same as or similar to that worn by one of the armed robbers. See *Clements v. State,* 226 Ga. 66 (1) (172 SE2d 600); *Massey v. State,* 226 Ga. 703 (6) (177 SE2d 79), and cits.

4. The excerpt of the court's charge to the jury complained of in the fifth and final enumeration of error in almost the verbatim language of Code § 38-110, shows no reversible error.

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 9, 1973 — DECIDED MAY 10, 1973.

*I. Burl Davis,* for appellant.

*Fred M. Hasty, District Attorney, Thomas H. Hinson, Don Thompson, Arthur K. Bolton, Attorney General, Courtney Wilder Stanton, Thomas W. Greene, Assistant Attorneys General, Harold N. Hill, Jr., Deputy Assistant Attorney General,* for appellee.