## 63985. FLUELLEN v. THE STATE.

Sognier, Judge.
Armed robbery and kidnapping.

1. Appellant enumerated as error the court's failure to grant his motion for a directed verdict of acquittal and the denial of his motion for a new trial based on the general grounds. However, he has presented no argument or citation of authority in support of these enumerations of error. Accordingly, we consider these enumerations abandoned pursuant to Rule 15 (c) (2) of this court. (Code Ann. § 24-3615 (c) (2)). Nevertheless, we have reviewed the transcript and find that the evidence meets the requirements of Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560)).

2. Appellant moved to sever the armed robbery charges from the kidnapping charge on the ground that the evidence would be confusing to the jury, causing a possible misapplication of the law to the evidence presented. Appellant contends the denial of this motion was error.

Our Supreme Court has held that "where the joinder is based upon the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan, severance 'lies within the sound discretion of the trial judge since the facts in each case are likely to be unique.' [Cits.] In determining whether severance is necessary to achieve a fair determination of defendant's guilt or innocence of each offense, the 'court should consider whether in view of the number of offenses charged and the complexity of the evidence to be offered, the trier of fact will be able to distinguish the evidence and apply the law intelligently as to each offense.' [Cit.]" *Coats v. State,* 234 Ga. 659, 662 (4) (217 SE2d 260) (1975). The evidence in the instant case is not confusing, as the two armed robberies occurred at a Flash Food store, and the kidnapping occurred at a later time in a different location, after appellant and his companion had fled on foot from the food market. Hence, the trial court did not abuse its discretion by denying the motion to sever.

3. Appellant contends that the trial court erred in denying his

motion to suppress any testimony or evidence of a pretrial identification of appellant by Nancy Burris and Police Officer Hicks at a photographic lineup. However, the state presented no evidence or testimony that Burris or Hicks picked appellant out of a photographic lineup. Thus, any alleged error regarding denial of appellant's motion to suppress is moot.

4. Appellant next contends the trial court erred by failing to require the jury to return to the jury room for further deliberation on the verdict after one of the jurors, when polled on the verdict, stated she was a little confused on charge three (kidnapping). This enumeration is without merit.

After the juror's statement, she stated that she had voted yes (to convict) on the third count, and that she still voted yes. Further, appellant raised no objection at the time of the juror's statement, did not ask that the jury be returned to the deliberation room for a new vote and took no exception to the trial court's procedure. It is well settled that matters not objected to at trial cannot be raised for the first time on appeal. *Scott v. State,* 243 Ga. 233, 234-235 (253 SE2d 698) (1979).

5. Lastly, appellant contends the trial court erred by allowing a "co-conspirator" to testify concerning unindicted and unrelated crimes committed by appellant prior to commission of the offenses charged.

L. D. Long, one of the participants in the robberies, testified that the day before the robberies he, appellant and a third co-defendant were discussing the need to make some kind of deal and walked to a shopping mall looking for a car to steal. Long found a car with the keys in it and appellant got in the car and drove away, with the other two men as passengers. After hiding the car overnight, the three defendants used it the following day in the armed robbery of the Flash Foods market. This testimony relating to theft of the car was admitted by the trial court for the limited purpose of showing that the theft was part of the plan or scheme to commit the robbery. It is clear that stealing the car was not unrelated to the offenses of which appellant was convicted. On the contrary, the car was stolen for the specific purpose of making "some kind of deal," viz., the armed robberies committed the following day. As a general rule, evidence of independent crimes is inadmissible. One of the exceptions to the rule applies where the other crime is part of the res gestae. *King v. State,* 230 Ga. 581, 582 (2) (198 SE2d 305) (1973). In *King* the Supreme Court held: "Under this exception, it was not error to admit evidence of the theft of an automobile on the date prior to the armed robbery . . . which automobile was used in the commission of the offenses charged." Applying this rule to the instant case, the trial court did not

err by allowing testimony relating to theft of the automobile which was used in the armed robbery.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 10, 1982 —.

*Dennis Mullis,* for appellant.

*James L. Wiggins, District Attorney, James E. Turk, Assistant District Attorney,* for appellee.