## 65980. WILKES v. THE STATE.

BIRDSONG, Judge.

Appellant James Walter Wilkes was convicted of armed robbery of a Burger King restaurant. On appeal, he enumerates as error the trial court's refusal to suppress evidence obtained from Wilkes' house, and the admission of evidence concerning another incident which occurred fourteen days prior to the Burger King robbery. *Held:*

1. The search warrant was not invalid for lack of probable cause. The evidence shows that after the Burger King closed on August 23, 1982, in the early morning hours, the store manager stopped at a grocery store on his way home. The appellant, driving a 1970 or 1971 model white car, had apparently followed the manager. The appellant, wielding an 18-inch long machete, kidnapped the manager and drove the manager's car back to the Burger King where he forced the manager to give him the money from the store safe. He then drove the manager back to the shopping center, where appellant's car had remained, and released him. The manager reckoned he was with appellant for two hours.

To the police the manager described the robber's car as a 1971 or 1972 dirty white Ford. He described the robber as wearing a sweatshirt with a hood attached, and wearing unusual dark sunglasses with white stripes along the sides or rims; the robber wore a glove on his right hand, but none on his left. The manager had not noticed the left hand too closely as he was paying more attention to the machete. The manager isolated the appellant's photograph from an array of nine photographs; he positively identified appellant at trial. He also positively identified dark sunglasses with unusual white stripes on them, and identified a single right-hand glove as similar to the robber's glove; these items had been found in the search of appellant's house. The robber had used a courier-type zippered bag; a zippered courier bag with the name of the courier company covered with black tape was found in appellant's house, but the manager could not say it was the same one. The evidence showed appellant's left hand was deformed, that he had only partial use of it and could not close the hand; he could grip with only two fingers. Appellant owned a 1971 white Dodge, identified as similar to a Ford.

As grounds for probable cause to search appellant's house for the instrumentalities and fruits of this armed robbery, the search warrant affidavit contained the following information: On July 31, 1981, an after-closing robbery of a fast-food restaurant in DeKalb County was committed by two black men wearing ski masks, one robber wearing gloves and both robbers armed with a gun and a

machete. On August 9 shortly after midnight, a police officer observed a lone car about 200 yards from a Hardee's fast-food restaurant in DeKalb County. The car's lights were off and its engine was running. The two men in the car appeared to be watching the restaurant; investigation revealed that these men were James Wiggins and appellant Wilkes. An arrest warrant had been issued for Wiggins for the July 31 restaurant robbery; he was immediately arrested and appellant was let go. In the car, which was Wiggins', were found a blue zippered courier-type bag with the name of the courier company covered with black tape; a large butcher knife, a fur hat, an automatic handgun, two pairs of rubber surgical gloves, and a plastic bag containing loose change. The next morning, at 4:30 a.m., on August 10, a lone black male robbed a Burger King in DeKalb County, he wielded a rusty butcher knife, and wore a white handkerchief mask and black-framed sunglasses. The August 24 Burger King robbery, for which appellant was convicted in this case, was then described.

The confluence of these details and similarities leads to a direct probable connection among all these robberies where first there were two robbers and then, after Wiggins' arrest, there was one; of appellant's having been with Wiggins, watching a Hardee's at closing time in a car containing paraphernalia for a robbery, modus operandi similar to the August 23 robbery. To say this recitation of similar robberies and related incidents does not constitute sufficient probable cause to deduce that appellant was the August 24 robber of the Burger King and to search his house, would be to render irrelevant all police investigation and deductive reasoning. This investigative process is as reliable, if not more so, than the information of "reliable informants." The very inclusion in the affidavit of evidence of the other robberies and the August 9 incident, where appellant was with Wiggins "casing" a Hardee's, forms a logical chain creating more than an articulable suspicion, and draws a trail leading irresistibly to the appellant as suspect. Police investigation based on other similar and related incidents which, when studied as parts of a scheme or design, would lead the reasonable mind to light upon the particular suspect, comprises good probable cause. See *Knighton v. State,* 166 Ga. App. 390 (304 SE2d 512); *Parker v. State,* 161 Ga. App. 37, 39 (3) (288 SE2d 852). *Cuevas v. State,* 151 Ga. App. 605 (260 SE2d 737). It follows that the trial court did not err in denying appellant's motion to suppress.

2. Evidence of the August 9 incident where appellant was found with Wiggins watching a Hardee's in the early-morning hours, with robbery paraphernalia in the car similar to that used in this offense, was properly admitted at trial. The evidence shows the identity of the

accused, similarity of plan, scheme, design and conduct. It also directly connects the appellant, in a similarly suspicious circumstance, with a suspect wanted for similar robberies, and in fact "throw[s] a flood of light" on the evidence concerning the August 24 Burger King robbery. *Rivers v. State,* 147 Ga. App. 19 (248 SE2d 31); see also *Joiner v. State,* 236 Ga. 580 (224 SE2d 414); *Thomas v. State,* 234 Ga. 635 (217 SE2d 152).

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED MAY 11, 1983 —
REHEARING DENIED MAY 27, 1983 — 

*Lawrence L. Schneider,* for appellant.
*Robert E. Wilson, District Attorney, Susan Brooks, Assistant District Attorney,* for appellee.