## 75382. KNIGHT v. THE STATE.
(365 SE2d 484)

SOGNIER, Judge.

Appellant was convicted of four counts of burglary, two counts of rape and two counts of aggravated sodomy. He appeals from those convictions.

1. Appellant alleges error in denial of his motion to sever for trial the counts of the indictment involving different victims. The offenses against the four victims occurred at separate residences on July 29, 1986; August 21, 1986; September 13, 1986; and October 23, 1986. Appellant argues that because the separate crimes did not arise out of

the same conduct, did not involve the same victims, and evidence of the separate offenses would not be admissible one against the other, the trial court abused its discretion by denying the motion to sever the offenses for a trial. We do not agree.

Each of the four burglaries was charged as an unlawful entry into a dwelling house with intent to commit rape, and in two of the four burglaries, appellant accomplished his purpose. In each case appellant entered through a window in the early morning hours (between 1:00 and 4:00 a.m.); the incidents occurred once a month for four consecutive months; except for one instance when appellant was wearing only shorts, he was always naked, wearing only a stocking mask; each unlawful entry was made in low-income housing projects in Macon, Georgia, into residences occupied by young women living without a man, but with children present; and in the two instances where sexual acts were completed, appellant threatened the victims with some type of implement, apparently a knife and a screwdriver.

"[The Supreme Court of Georgia] has held that a defendant has a right to severance 'where the offenses are joined solely on the ground that they are of the same or similar character . . . "because of the great risk of prejudice from a joint disposition of unrelated charges." ' [Cits.] However, where the joinder is based upon the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan, severance 'lies within the sound discretion of the trial judge since the facts in each case are likely to be unique.' [Cits.] In determining whether severance is necessary to achieve a fair determination of the defendant's guilt or innocence of each offense, the 'court should consider whether in view of the number of offenses charged and the complexity of the evidence to be offered, the trier of fact will be able to distinguish the evidence and apply the law intelligently as to each offense.' [Cit.]" *Coats v. State*, 234 Ga. 659, 662 (4) (217 SE2d 260) (1975); *Fluellen v. State*, 163 Ga. App. 425 (2) (294 SE2d 653) (1982). Where the modus operandi of the perpetrator is so strikingly alike that it demonstrates and designates the defendant as the common perpetrator, the offenses may be joined, subject to the right of the defendant to a severance in the interests of justice. *Davis v. State*, 159 Ga. App. 356, 357 (1) (238 SE2d 286) (1981); *Mack v. State*, 163 Ga. App. 778, 779 (1) (296 SE2d 115) (1982).

Applying the rules set forth above to the facts of the instant case, we find no abuse of discretion by the trial court in denying appellant's motion to sever for trial the offenses of which he was convicted. The facts as to the crimes charged were so similar as to evidence a common plan or scheme, and involved the same modus operandi. Id.

2. Appellant contends the trial court erred by denying his motion to require the State to reveal the name of the confidential informant. A *Brady* motion was made prior to trial requesting such information.

At a hearing on this issue Detective Henderson Carswell testified that he was interviewing a suspect in an unrelated child molestation case, and in the course of the interview informed the suspect of the modus operandi of the man Carswell was looking for in the case sub judice. The suspect then stated that Terry Knight (appellant) is "the kind of guy that would do that type of thing." The suspect then told Carswell about an incident when appellant was in a room nude with the suspect's five-year-old daughter. Based on this information the police asked appellant to come in for fingerprinting. He did so voluntarily, and it was determined by experts that his fingerprints and a palm print matched fingerprints and palm prints found on windowsills of the houses where the burglaries and sexual assaults occurred.

"[I]f the state *proves* to the court's satisfaction that the informer is a pure tipster, who has neither participated in nor witnessed the offense, any evidence he might offer would be hearsay and inadmissible. Thus the tipster's identity could not be material to the guilt or innocence of the defendant under *Brady* . . ." *Thornton v. State*, 238 Ga. 160, 165 (2) (231 SE2d 729) (1977). It is clear from the information given to Carswell that the informant was not a witness or participant in the offenses charged, and thus, the informant fell in the category of a tipster rather than a confidential informant. In fact, the informant did not give the police *any* information about the offenses charged, but stated only that appellant was the sort of person who would do something of that nature. Under such circumstances the tipster's identity would not be material to a determination of appellant's guilt or innocence, and it was not error to deny his motion for disclosure of the tipster's identity.

3. Appellant asserts the evidence is not sufficient to support the verdict. The evidence disclosed that one victim was awakened by a naked man who was committing oral sodomy on her and then raped her while threatening her with a knife. Another victim was returning to her bedroom and was grabbed by a man clad only in a pair of shorts. The man forced the victim into her bedroom and made her commit oral sodomy on him. The man then committed oral sodomy on the victim and thereafter had carnal knowledge of her forcibly and against her will. A third victim was awakened by a naked man in bed with her with one hand over her mouth and the other hand behind her head. When the woman screamed for her mother the man jumped out the bedroom window and escaped. In the fourth instance, an eight-year-old girl awakened and saw a naked man in bed with her eleven-year-old sister. The younger girl ran to her mother's bedroom and told her what was happening. As they started toward the bedroom the man ran out the front door. In each instance the victim's homes were unlawfully entered through a window. Although none of the victims could identify the assailant, appellant's fingerprints were

found on a window sill of each victim's home. The victims who were sexually assaulted were given medical examinations shortly after the assaults occurred and sperm was found in the vagina of each victim.

Appellant argues that the fingerprint evidence alone was not sufficient to support his conviction as there might have been other explanations for the presence of appellant's fingerprints. In *Anthony v. State*, 85 Ga. App. 119 (68 SE2d 150) (1951), we held that to warrant a conviction on the *sole* evidence that the defendant's fingerprints were found at the place where the crime was committed, the evidence must be sufficient to exclude every reasonable hypothesis save that the fingerprints were impressed at the time the crime was committed. See also *Glover v. State*, 175 Ga. App. 285, 286 (333 SE2d 165) (1985). In the instant case, none of the victims knew appellant and appellant had no authority to enter any of their homes. While there *might* have been other explanations for the presence of appellant's fingerprints at the homes of the victims, no such explanations were presented in court, and whether every reasonable hypothesis save that of the guilt of the defendant has been excluded is primarily a question for the jury where the jury is properly instructed on circumstantial evidence, *Johnson v. State*, 185 Ga. App. 505 (364 SE2d 893) (1988), as was done in the instant case. Accordingly, we find the evidence sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. McMurray, P. J., concurs. Beasley, J., concurs in Divisions 2 and 3 and in the judgment.*

DECIDED JANUARY 25, 1988.

*Walter J. Lane, Jr.*, for appellant.
*Willis B. Sparks III, District Attorney, Sharon T. Ratley, Assistant District Attorney*, for appellee.