## A90A1957. RUTHERFORD v. THE STATE.
### (401 SE2d 308)

CARLEY, Judge.

Appellant was tried before a jury and found guilty of armed robbery. He appeals from the judgment of conviction and sentence entered by the trial court on the jury's guilty verdict.

1. The evidence in the instant case showed that appellant and *two* others robbed a *motel* in metropolitan *Atlanta* at *night* by use of a sawed-off *shotgun*. Over objection as to similarity, the trial court admitted evidence of appellant's prior convictions for possession of a sawed-off shotgun, affixing a license plate with intent to conceal, driving with a suspended license and loitering or prowling. Testimony as to the underlying facts of the prior convictions revealed that appellant and *two* others, one of whom was also charged in the instant case, parked some distance from and walked to a *motel*. They became aware of the presence of a uniformed security guard at an adjacent building, but continued walking to the motel. Upon their return to the car, they placed something in the trunk and fled when confronted by the guard. When police stopped the car, which had a license plate registered to another car, a sawed-off *shotgun* and a revolver were discovered in the trunk. This incident occurred in metropolitan *Atlanta* at *night* 45 days prior to the robbery charged in the instant case.

This evidence tended to show that, on a previous occasion, appellant was foiled in a plan to commit an armed robbery *identical* to that which he subsequently perpetrated, and it "was properly admitted at trial. The evidence shows the identity of the accused, similarity of plan, scheme, design and conduct. It also directly connects the appellant, in a similarly suspicious circumstance, with a suspect [charged with the same robbery], and in fact 'throw(s) a flood of light' on the evidence concerning the . . . robbery [in the instant case]. [Cits.]" *Wilkes v. State*, 166 Ga. App. 771, 772-773 (2) (305 SE2d 388) (1983). See also *Worthy v. State*, 180 Ga. App. 506, 508 (3) (349 SE2d 529) (1986).

2. In the absence of objection raised in the trial court, this court will not consider appellant's contention that the State violated Uniform Superior Court Rule 31.1 by failing to give ten days' notice of its

intent to present evidence of the similar transactions. *Fancher v. State*, 190 Ga. App. 438, 439 (1) (378 SE2d 923) (1989).

3. The victim had identified both appellant and his co-indictee based upon separate photographic line-ups shown to her. Appellant objected to the admission of this identification evidence on the ground that his photograph and that of his co-indictee had both been positioned as the second photograph in the respective line-ups. The failure to sustain this objection is enumerated as error.

The two line-ups had differing numbers of photographs and there was no evidence of which line-up was shown to the victim first. Indeed, nothing in the "record suggest[s] that the display [containing the co-indictee's photograph] influenced the identification of [appellant's] photograph from the [entirely separate] display shown to the victim." *Johnson v. State*, 160 Ga. App. 590 (1) (287 SE2d 629) (1981). The display containing appellant's photograph consisted of head-and-shoulder photographs of eight other men of the same general age and with the same general physical characteristics. "The trial court found that there was no impermissible suggestiveness in [this display] and the evidence of record supports this conclusion." *Denegal v. State*, 193 Ga. App. 238 (1) (387 SE2d 434) (1989). See also *Johnson v. State*, supra at 591 (2).

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED JANUARY 7, 1991.

*Walter J. Clarke*, for appellant.
*Thomas C. Lawler III, District Attorney*, for appellee.