## A91A0892. WOOLFOLK v. THE STATE.
(413 SE2d 242)

POPE, Judge.

Defendant Dennis Woolfolk appeals from his conviction for two counts of entering an automobile, burglary, misdemeanor theft by taking and obstruction of an officer. We affirm.

1.(a) Defendant first contends the trial court erred in not giving his written request to charge on mistake of fact based on his testimony that he did not know the items he pawned were stolen, and his testimony that he did not know the arresting officers were police officers. See OCGA § 16-3-5. However, this argument presents no defense to the crimes charged in this case. Defendant was not charged with or convicted of receiving or disposing of stolen property. See OCGA § 16-8-7. Rather, the charges against him related to the actual theft of the goods. Defendant does not contend, nor does the evidence at trial suggest, that defendant somehow mistakenly believed that he had a right to enter automobiles and homes and take items not belonging to him. Rather, defendant denied the charges against him and contended he was at home at the time the crimes were committed. " '(W)hile a trial court is required to charge on a criminal defendant's sole defense of mistake of fact even absent a request to do so (cits.), such a charge is not required where, as here, it is not authorized by the evidence.' [Cit.]" *Pratt v. State,* 167 Ga. App. 819, 821 (3) (307 SE2d 714) (1983). See also *Diggs v. State,* 170 Ga. App. 48 (1) (316 SE2d 171) (1984).

(b) Defendant likewise was not entitled to a charge concerning mistake of fact on the obstruction offense. Contrary to defendant's statement in his brief on appeal, he did not testify at trial that he did not know that the arresting officers were police officers. Rather, defendant clearly indicated at trial that he knew the arresting officers were police officers, but stated he did not believe they had a warrant for his arrest. "It is clear from [defendant's] argument that his concern was whether the officers had the lawful authority to arrest him.

This was not a misapprehension of fact as contemplated by OCGA § 16-3-5 but was instead a misapprehension of law. *Brown v. State*, 163 Ga. App. 209 (3) (294 SE2d 305) (1982). '(It) is axiomatic that "(i)gnorance of the law excuses no one." (Cit.)' *Jenga v. State*, 166 Ga. App. 36 (2) (303 SE2d 170) (1983)." *Singleton v. State*, 194 Ga. App. 423 (2) (390 SE2d 648) (1990). In sum, defendant's first enumeration of error is without merit.

2. Defendant next contends the trial court erred in refusing to give his charge on honest claim of right. Again we find no merit to this enumeration. As was the case in Division 1, defendant's argument posited in support of this enumeration pertains to the offense of theft by receiving, not the crimes with which he was charged or convicted. Defendant presented no evidence at trial that he had a right to enter other people's homes and automobiles and take items not belonging to him. Rather, defendant denied committing these offenses. Consequently, the trial court did not err in refusing to give the requested charge. Cf. *Williams v. State*, 187 Ga. App. 859, 860 (2) (371 SE2d 673) (1988).

3.(a) Defendant also argues the trial court erred in refusing to give his charge to the effect that, as to the obstruction offense, the State must prove defendant acted with knowledge that the arresting officers were police officers. First we note that we need not consider defendant's argument and cases cited in support thereof that the trial court committed reversible error by not charging that knowledge is an essential element in convicting a defendant for *aggravated assault on a police officer* because he was not charged with or convicted of that crime. In this case the trial court sufficiently charged the jury with regards to the elements necessary to prove the obstruction offense. Moreover, inasmuch as defendant testified he knew the arresting officers were police officers, we fail to see how he was harmed by the trial court's failure to give the requested charge.

(b) Defendant also contends the trial court erred in refusing to give his requested charges on self-defense and the right to resist unlawful force used in effectuating a lawful arrest. As to this issue, the record shows defendant denied using physical force in resisting the officers' attempts to arrest him, and testified instead that he fell while the officers were trying to arrest him. Defendant further testified that although the officer may have thought he was trying to fight, that was not his intention, as the fall simply resulted from a lack of physical coordination on his part. Under these facts the evidence did not support the requested charges, and it was not error to refuse to give them. See *Love v. State*, 194 Ga. App. 601 (1 & 2) (391 SE2d 447) (1990).

4. Defendant next contends the trial court erred in admitting evidence of two prior convictions for entering an automobile and in fail-

ing to give his request to charge on the use of such prior conviction evidence in evaluating the charges against him at trial. Contrary to defendant's assertions on appeal, we find the trial court properly admitted evidence of defendant's prior convictions. *Stephens v. State,* 261 Ga. 467 (6) (405 SE2d 483) (1991). " '(T)here is no requirement that a previous offense be absolutely identical to the one being prosecuted so as to make it admissible.' [Cit.] We find that the trial court properly admitted into evidence the similar [transactions]." *Singleton,* supra at 424 (5). See also *Rutherford v. State,* 198 Ga. App. 283 (401 SE2d 308) (1991).

The remainder of this enumeration, in which defendant contends the trial court erred by failing to give his request to charge on the use of prior offense evidence in evaluating the charges against him at trial, is not supported by citation of authority or argument. Accordingly, it is deemed abandoned pursuant to Rule 15 (c) (2) of this court. *Fowler v. State,* 188 Ga. App. 873, 874 (3) (374 SE2d 805) (1988). Moreover, the record shows that defendant indicated his agreement with the trial court as to the use of the pattern jury instruction on the similar offense evidence. Consequently, he will not now be heard to complain on this basis.

5. Defendant next contends the trial court erred in denying his motion to sever. " ' "The Supreme Court of Georgia has held that a defendant has a right to severance 'where the offenses are joined solely on the ground that they are of the same or similar character . . . "because of the great risk of prejudice from a joint disposition of unrelated charges." ' (Cits.) However, where the joinder is based upon the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan, severance 'lies within the sound discretion of the trial judge since the facts in each case are likely to be unique.' (Cits.) In determining whether severance is necessary to achieve a fair determination of the defendant's guilt or innocence of each offense, the 'court should consider whether in view of the number of offenses charged and the complexity of the evidence to be offered, the trier of fact will be able to distinguish the evidence and apply the law intelligently as to each offense.' (Cit.)" [Cits.] Where the modus operandi of the perpetrator is so strikingly alike that it demonstrates and designates the defendant as the common perpetrator, the offenses may be joined, subject to the right of the defendant to a severance in the interests of justice. [Cits.]' [Cit.]" *Woods v. State,* 196 Ga. App. 395, 396 (3) (396 SE2d 74) (1990).

In this case the perpetrator entered automobiles parked adjacent to residential dwellings as well as storage areas attached to or adjacent to the dwellings. Similar items were taken from the cars and homes. The crimes all occurred at night within a short distance from each other and a short distance from defendant's home. The evidence

presented as to each offense was simple and "it is highly unlikely that the jury was confused by it. We cannot say the trial court abused its discretion in joining the offenses [relating to the entry of automobiles and burglaries] for trial." Id. at 397. See also *Carroll v. State*, 199 Ga. App. 8 (403 SE2d 875) (1991).

Likewise, we find no error in the denial of the motion as it relates to the obstruction offense, as that offense "stemmed from the [defendant's] efforts to avoid apprehension for the other offenses." *Tankersley v. State*, 155 Ga. App. 917, 919 (3) (273 SE2d 862) (1980).

6. Contrary to defendant's final enumeration of error the evidence at trial was sufficient to authorize his conviction under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED NOVEMBER 25, 1991.

*Robert M. Bearden, Jr.*, for appellant.

*Willis B. Sparks III, District Attorney, Thomas J. Matthews, Assistant District Attorney*, for appellee.