S91A1462. MOSLEY v. THE STATE.
(412 SE2d 529)

</div>

WELTNER, Presiding Justice.

Woodley Ray Mosley shot and killed James Middlebrooks with a handgun. He was indicted for malice murder, armed robbery, and possession of a firearm by a convicted felon, and was convicted of all three counts. Mosley was sentenced to life imprisonment and to terms of years.[1]

1. The evidence is sufficient to permit a rational trier of fact to find Mosley guilty beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. (a) Mosley contends that the trial court erred in denying the motion to suppress his 29-page, handwritten statement. He argues that the statement should have been excluded because the police ignored his requests for counsel, and pressured him into making the confession. The trial court found, after a hearing, that the statement

---

[1] The crimes were committed on November 1, 1989. Mosley was indicted on March 15, 1990; convicted on September 13, 1990; and sentenced on October 4, 1990. Notice of appeal was filed on July 17, 1991, which was docketed in this court on August 8, 1991. The appeal was argued on October 15, 1991.

was made freely and voluntarily, and that Mosley had not been denied his right to counsel.

(b) In *Peebles v. State*, 260 Ga. 165, 166 (391 SE2d 639) (1990), we held:

A trial court's findings as to factual determinations and credibility relating to the admissibility of a confession will be upheld on appeal unless they are found to be clearly erroneous.

The motion to suppress properly was denied.

3. (a) Mosley insists that the trial court erred in admitting a certified copy of a prior felony conviction after both sides had rested. He contends that the information contained in the document was irrelevant and prejudicial.

(b) Trial courts have "wide discretion in permitting the state to introduce additional evidence after it has closed its case." *King v. State*, 230 Ga. 581, 582 (198 SE2d 305) (1973). An essential element of the offense of possession of a firearm by a convicted felon is, of course, a prior felony conviction. The evidence was relevant, and there was no error in its admission. *Prather v. State*, 247 Ga. 789, 790 (279 SE2d 697) (1981).

4. We have reviewed the remaining contentions on appeal, and hold that there was no error that warrants a new trial or other relief.

*Judgment affirmed. Clarke, C. J., Bell, Hunt, Benham and Fletcher, JJ., concur.*

DECIDED JANUARY 17, 1992 —
RECONSIDERATION DENIED FEBRUARY 19, 1992.

*L. Scott McLarty*, for appellant.
*Richard A. Malone, District Attorney, Melvin E. Hyde, Jr., Assistant District Attorney, Michael J. Bowers, Attorney General, C. A. Benjamin Woolf, Staff Attorney*, for appellee.