A91A1833. MUCKLE v. THE STATE.
(415 SE2d 299)

CARLEY, Presiding Judge.

In a multi-count indictment, appellant was charged with two counts of rape, three counts of aggravated sodomy, two counts of aggravated assault, and two counts of burglary. He was tried before a jury, and found guilty of all counts. He appeals from the judgments of conviction and sentences entered by the trial court on the jury's verdicts of guilt.

1. The crimes had been committed on two separate occasions, but under similar circumstances. Appellant moved that his trial for the commission of the crimes against one of the victims be severed from his trial for the commission of the crimes against the other victim. The trial court's denial of this motion to sever is enumerated as error.

"In the present case, the crimes charged were so similar as to evidence a common plan or scheme and revealed an identical modus operandi. [Cit.] . . . [A]ll of the offenses would have been admissible at the trial of the other. *Davis v. State*, 158 Ga. App. 549, 550 (281 SE2d 305) (1981). "[W]here, as here, the similarity of the crimes reaches the level of a pattern, severance of the crimes for trial is not required. [Cit.] ' "(I)n this particular kind of circumstance(, severance) lies within the sound discretion of the trial judge. . . ." (Cit.)' [Cit.] 'Denial of the motion to sever was not an abuse of the wide discretion (of) the trial court. . . ." (Cit.)' [Cit.]" *Weddington v. State*, 191 Ga. App. 738, 739 (5) (382 SE2d 661) (1989).

2. The evidence was such as to authorize the inference that the perpetrator had most likely been a "peeping Tom" before he committed the instant burglaries and sexual offenses against the victims. Accordingly, the trial court did not err in allowing the State to introduce, as sufficiently similar transactions, evidence that, on two other occasions, appellant had been a "peeping Tom" in violation of OCGA § 16-11-61. "The evidence shows the identity of the accused, similarity of plan, scheme, design and conduct." *Wilkes v. State*, 166 Ga. App. 771, 772-773 (2) (305 SE2d 388) (1983). It is immaterial that, on

these prior occasions, appellant's violations of OCGA § 16-11-61 had not culminated in his commission of burglaries and sexual offenses. See *Rutherford v. State*, 198 Ga. App. 283 (1) (401 SE2d 308) (1991).

3. On cross-examination of a witness for the State, appellant elicited an ostensibly unresponsive answer which then prompted a motion for mistrial. The denial of this motion for mistrial is enumerated as error.

The record discloses that the trial court gave curative instructions. Under the circumstances, the trial court did not abuse its discretion in denying the motion. *Ranalli v. State*, 197 Ga. App. 360, 364 (4) (398 SE2d 420) (1990).

4. One of the victims positively identified appellant as the perpetrator and he does not challenge the sufficiency of the evidence as to his convictions for the crimes he allegedly committed against her. However, the other victim could not positively identify appellant and he urges that the evidence was not sufficient to authorize his convictions for the crimes he allegedly committed against her.

Since both series of crimes were so similar, evidence as to the crimes that appellant was positively identified as having committed was admissible and probative as to his identity as the perpetrator of the other crimes. *Felker v. State*, 252 Ga. 351, 359 (1a) (314 SE2d 621) (1984). This, in addition to the other circumstantial evidence, was sufficient to authorize a rational trior of fact to find proof of appellant's identity and guilt beyond a reasonable doubt. *Perry v. State*, 158 Ga. App. 349 (1) (280 SE2d 390) (1981).

*Judgments affirmed. Judge Arnold Shulman concurs. Beasley, J., concurs in Divisions 1, 3, 4 and in the judgment.*

DECIDED JANUARY 24, 1992 —
RECONSIDERATION DENIED FEBRUARY 10, 1992 —

*J. Michael Mullis*, for appellant.
*Harry N. Gordon, District Attorney, Gerald W. Brown, Assistant District Attorney*, for appellee.