A95A1818. HUTCHISON v. THE STATE.
(462 SE2d 648)

POPE, Presiding Judge.

Hutchison was charged and convicted of possession of a firearm by a convicted felon (OCGA § 16-11-131). In his sole enumeration of error, Hutchison argues that there was a fatal variance between the allegations in his indictment and the evidence at trial, and that because of this, the trial court erred in denying his motion for a directed verdict of acquittal.

The indictment charged that Hutchison was convicted in Sep-

tember 1988 in Pickens County for forgery; in November 1988 in Cherokee County for forgery in the first degree; in July 1989 in Forsyth County for being a habitual violator; in December 1988 in Forsyth County for forgery in the first degree; and in March 1992 in Forsyth County for theft by taking of a motor vehicle. Hutchison asserts that the State incorrectly stated that the September 1988 felony conviction was for forgery, when in fact this conviction was for forgery in the first degree. The second count of the indictment, which the court later dismissed, charged Hutchison as a recidivist and correctly recited that the September 1988 conviction was for forgery in the first degree. At trial, certified copies of the various convictions cited in the indictment, including the September 1988 conviction for forgery in the first degree, were introduced.

Hutchison contends that although the recitation of all five felonies in the indictment was unnecessary, once the State chose to list the five convictions, it had the duty to correctly denominate each one. Hutchison argues "if the State elects to aver in a possession of firearm by felon count that the defendant has been convicted of more than one prior felony offense, such averment is descriptive of the manner in which the offense was committed and, as such, the State must make an honest attempt to prove the offense 'as laid' (see generally *Ross v. State*, 195 Ga. App. 624 (1) (b) (394 SE2d 418) (1990) and cases therein cited). . . ." *State v. Freeman*, 198 Ga. App. 553, 555 (2) (402 SE2d 529) (1991).

Pretermitting whether Hutchison's failure to file a timely, written demurrer or motion waived this argument, see generally *Bentley v. State*, 210 Ga. App. 862 (1) (438 SE2d 110) (1993), we find Hutchison's substantive argument without merit. "Our courts have departed from an overly technical application of the fatal variance rule, focusing instead on materiality. The true inquiry, therefore, is not whether there has been a variance in proof, but whether there has been such a variance as to affect the substantial rights of the accused. It is the underlying reasons for the rule which must be served: 1) the allegations must definitely inform the accused as to the charges against him so as to enable him to present his defense and not to be taken by surprise, and 2) the allegations must be adequate to protect the accused against another prosecution for the same offense." (Citations and punctuation omitted.) *Denson v. State*, 212 Ga. App. 883, 884 (2) (443 SE2d 300) (1994). We conclude that the failure to correctly list the forgery conviction as forgery in the first degree did not result in a variance between the indictment and the proof offered at trial so serious that it affected his substantial rights, prejudiced the preparation of his defense, or exposed him to the possibility of subsequently having to stand trial for the same charge. We therefore reject Hutchison's argument that the motion for a directed verdict of acquittal should

have been granted on this ground.

Judgment affirmed. *Beasley, C. J., and Ruffin, J., concur.*

DECIDED SEPTEMBER 27, 1995.

*James E. Hardy II*, for appellant.

*Garry T. Moss, District Attorney, Margaret E. Daly, Assistant District Attorney*, for appellee.