### A96A0274. SPEED v. THE STATE.
(471 SE2d 25)

JOHNSON, Judge.

When police went to arrest Donald Joe Speed pursuant to a warrant, they found a .38 caliber revolver in his possession. Because he had a prior felony conviction, he was charged with possession of a firearm by a convicted felon. A jury found Speed guilty of the firearm charge. He appeals from the conviction entered on the verdict.

1. Speed argues that the trial court erred in denying his motion for a directed verdict of acquittal because there was a fatal variance between the allegations contained in the indictment and the proof introduced at trial. Specifically, he complains that while the indictment alleged that he had been convicted in Rankin County, Mississippi, for possession of marijuana with the intent to distribute, the evidence introduced at trial showed that he had been convicted in *Lowndes* County, Mississippi of possession of marijuana *"greater than 1 oz., less than a kilo."* This enumeration presents no ground for reversal.

"Our courts have departed from an overly technical application of the fatal variance rule, focusing instead on materiality. The true inquiry, therefore, is not whether there has been a variance in proof, but whether there has been such a variance as to affect the substantial rights of the accused. It is the underlying reasons for the rule which must be served: 1) the allegations must definitely inform the accused as to the charges against him so as to enable him to present his defense and not be taken by surprise, and 2) the allegations must be adequate to protect the accused against another prosecution for the same offense." (Citations and punctuation omitted.) *Hutchison v. State*, 218 Ga. App. 601, 602 (462 SE2d 648) (1995).

At trial, the prosecutor stated that Speed only had one Mississippi drug conviction on his record, which statement Speed did not dispute. On appeal, Speed does not argue, and we find nothing in the

record to indicate, that he has any other convictions. We fail, therefore, to see how he could have been misled or prejudiced by the errors. The allegations definitely informed Speed of the charge against him with enough specificity that he could not have been prevented from preparing a defense and could not have been taken by surprise. Moreover, the variance did not expose him to the possibility of having to stand trial later for the same charge. Therefore, the variance did not affect Speed's substantive rights and the trial court did not err in denying his motion for a directed verdict of acquittal on this ground. See *Hesterlee v. State*, 210 Ga. App. 330, 332-333 (1) (436 SE2d 32) (1993).

2. In a similar enumeration, Speed argues that the trial court erred in admitting into evidence a certified copy of the Mississippi order accepting his guilty plea to the charge of possession of marijuana. Speed contends that the order was not relevant inasmuch as it evidenced a prior conviction in Lowndes County for possession of a certain quantity of marijuana, whereas the indictment alleged a prior conviction in Rankin County for possessing marijuana with intent to distribute. "Admissibility of evidence is a matter which rests largely within the discretion of the trial court. . . . In the absence of abuse of discretion, we will not reverse when a trial court overrules a relevancy objection and allows the admission of evidence." (Citations and punctuation omitted.) *Hestley v. State*, 216 Ga. App. 573, 576 (2) (455 SE2d 333) (1995). As discussed above, the variance between the allegata and probata in this case was not material. Because Speed's felony conviction was clearly relevant to the issue of whether he was a convicted felon, the trial court did not abuse its discretion in admitting the order. See *Mosley v. State*, 261 Ga. 868, 869 (3) (b) (412 SE2d 529) (1992).

*Judgment affirmed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED APRIL 29, 1996.

*William W. West*, for appellant.

*Robert E. Keller*, District Attorney, *Deborah N. Maron*, Assistant District Attorney, for appellee.